THEODORE ANTHONY v. GEORGE D. SMITHSON.
No. 13,694.    (78 Pac. 454.)
SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Jurisdiction on Appeal.* If, upon appeal, the district court has jurisdiction of the claim made in the plaintiff's bill of particulars, such jurisdiction will not be abrogated by an amendment joining a separate count with an independent prayer for relief which the court is not competent to grant.

2. ——— *Separable Claims—Premature Action.* In an action involving separable claims the right to try those upon which a cause of action has accrued is not affected by the fact that the suit is prematurely brought as to others.

Error from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed November 5, 1904. Affirmed.

*Henry Elliston,* for plaintiff in error.

*C. D. Walker,* and *J. L. Berry,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: In this case the plaintiff brought suit in the city court of Atchison to recover an amount due for boring three wells upon the defendant's farm.

His bill of particulars prayed judgment for a sum within the jurisdiction of the court. After a judgment in favor of the plaintiff the defendant appealed to the district court. The plaintiff then amended his bill of particulars by presenting in one count a claim based upon contract for a sum still within the jurisdiction of the city court, and in another count a claim for a sum beyond the jurisdiction of the city court, arising upon *quantum meruit*. Each count contained an independent prayer for relief. No attack was made upon the amended bill of particulars, by motion or demurrer, and the defendant answered to the merits. The whole matter was tried before a jury. Before a final submission of the cause the plaintiff withdrew his claim for boring one of the wells, whereby the amount of recovery possible under the second count was reduced below $300. The jury found specially the existence of a separate contract for boring each of the two wells remaining in controversy, and found a general verdict in favor of the plaintiff for a sum which, allowing for some uncertainty as to the time for which interest might be computed, corresponds approximately with plaintiff's claim under the first count of the amended bill of particulars. Challenges of the jurisdiction of the district court made by the defendant at various stages of the proceeding after issue joined were overruled, and the conduct of the court in so doing is now assigned as error.

The district court had jurisdiction of the case after the appeal had been taken and until the plaintiff's pleading was amended. The only question is whether or not such jurisdiction was altogether abrogated because of the amount of the claim made in the second count of the amended bill of particulars. It may be

conceded that the district court had no authority to try the cause of action presented by that count, but after such concession no reason appears for ousting it of jurisdiction over the subject-matter of the first count. The first count was separate and distinct from the other, was complete in itself, and asked for no relief which the court could not grant. The second count might have been stricken out without affecting the first one in any way, and, hence, jurisdiction to try the issues presented by the first count and the answer was not defeated by the enlarged claims presented in the other.

"Where the court has cognizance of the cause made by the complaint as first filed, the jurisdiction will not be ousted by an amendment averring additional matter which the court is not competent to consider; but such new matter should be disregarded as surplusage." (*Finch v. Baskerville*, 85 N. C. 205.)

This being true, there is no occasion to consider what effect reducing the claim presented by the second count may have had upon jurisdiction; and, since the special findings and general verdict show that recovery was had under the first count only, it is now immaterial that the court undertook to investigate a matter beyond its jurisdiction.

The action was founded upon a claim by a contractor for improvements made upon land owned by the defendant. Section 5119 of the General Statutes of 1901 provides that no owner shall be liable to such an action until the expiration of sixty days from the time the labor was performed, or the material furnished. From the amended bill of particulars it appeared that the suit was prematurely brought, at least as to a portion of the claim, and the defendant argues that such fact deprived the court of power to proceed. Such, however, is not the law. Prematurity in bringing

Anthony v. Smithson.

suit is not a jurisdictional matter.   As stated at page 746 of volume 1 of the Cyclopedia of Law and Procedure :

"It has been held that where defendant is sued on a demand before it is due, and pleads in chief, it is too late afterward to make objection that the action is premature."

Besides this, the jury found specially that the two wells for which recovery was allowed were completed more than sixty days prior to the commencement of suit ; and, as before stated, the other well was dismissed from the controversy.   In an action involving separable claims the right to try those upon which a cause of action has accrued is not affected by the fact that the suit is prematurely brought as to others.   ( 1 Cyc. 745.)   Therefore, notwithstanding the character of the claim as originally presented, the defendant cannot complain of the verdict returned and the judgment rendered.

Other questions relating to the trial of the issue tendered by the second count of the amended bill of particulars are discussed in the defendant's brief, but because of the interpretation which must be given to the special findings and the general verdict they are no longer of consequence.   Nothing else of sufficient importance to require a new trial is presented, and the judgment of the district court is affirmed.

All the Justices concurring.