Braender R. & T. Co. v. Dueth-Henes Corp. et al., 207 Ill. App. 155.

4. CRIMINAL LAW—*when bill of exceptions is sufficient.* A bill of exceptions in a criminal prosecution for adultery, *held* sufficient as purporting to contain all of the evidence.

5. CRIMINAL LAW, § 432*—*when objections or exceptions are unnecessary to preserve questions for review.* Under section 81 of the Practice Act, as amended in 1911 (J. & A. ¶ 8618), it is unnecessary that the record in a criminal case show any objections or exceptions to the finding or entry of judgment or exceptions to a ruling denying a motion to vacate the judgment in order to preserve such questions for review.

---

**Braender Rubber & Tire Company, Plaintiff in Error, v. Dueth-Henes Corporation and A. J. L. Dueth, Defendants in Error.**

**Gen. No. 22,996.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. PETER C. WALTERS, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded with directions. Opinion filed July 2, 1917.

**Statement of the Case.**

Action of replevin by Braender Rubber & Tire Company, a corporation, plaintiff, against Dueth-Henes Corporation and A. J. L. Dueth, defendants, to recover a stock of rubber tires left by plaintiff with defendants under a contract whereby defendants were to act as distributors and sales agents within designated territory and were to keep the tires in stock in their store. From a judgment for defendants, plaintiff brings error.

GROSSBERG & HAFFENBERG, for plaintiff in error; MORRIS K. LEVINSON, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, a..d Cumulative Quarterly, same topic and section number.

Grossman v. Cohen, 207 Ill. App. 156.

Charles P. R. Macaulay, for defendants in error.

Mr. Justice McSurely delivered the opinion of the court.

### Abstract of the Decision.

1. Action, § 68*—*when action of replevin is prematurely brought.* An action of replevin ·by a manufacturer to recover a stock of rubber tires left with distributing agents under a contract whereby the agents were to keep such tires in stock in their store, and the manufacturer had the option of terminating the contract on thirty days' notice, is prematurely brought where brought before the service of such notice, as the right to possession would not accrue until the expiration of the thirty-day period.

2. Action, § 71*—*when judgment should be rendered for plaintiff although action prematurely brought.* It is error for the trial court to refuse to render a judgment for the plaintiff in an action of replevin, where it appears that, although the action was prematurely brought, the contract under which the goods were held had been terminated by the expiration ' of the thirty-day period limited by the contract for the termination thereof at the time of trial and entry of judgment, and the title was at all times in the plaintiff.

---

### Samuel Grossman, Defendant in Error, v. Abe Cohen, Plaintiff in Error.

### Gen. No. 23,001.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. William N. Gemmill, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. · Opinion filed July 2, 1917.

### Statement of the Case.

Action of debt on an appeal bond by Samuel Grossman, plaintiff, against Abe Cohen, defendant. From

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.