## ABILENE STEAM LAUNDRY CO. v. SHACKELFORD. (No. 59.)

(Court of Civil Appeals of Texas. Eastland. Jan. 22, 1926.)

**1. Abatement and revival ⬅47—Directors may revive suit abated by dissolution of corporation (Rev. St. 1911, art. 1206).**

Under Rev. St. 1911, art. 1206, vesting assets of corporation in directors, and authorizing suit by them to settle its affairs, directors may revive suit abated by dissolution of corporation.

**2. Abatement and revival ⬅40.**

Plea in abatement is only method to be used in preventing prosecution of suit by defunct corporation.

**3. Abatement and revival ⬅82.**

Under Rev. St. 1911, arts. 1902, 1909, pleas in abatement, if not filed in due order of pleading, are waived.

**4. Abatement and revival ⬅84.**

Party going to trial on merits without presenting plea in abatement "in limine" waives the plea.

**5. Abatement and revival ⬅84—On failure to present plea in abatement of forfeiture by corporation of right to sue, there was no pleading authorizing admission of certificate showing forfeiture of franchise.**

Defendant, by going to trial on merits in suit by corporation without presenting plea in abatement of forfeiture by corporation of right to sue by failure to pay franchise tax, waived it, and there was no pleading authoriz-

(284 S.W.)

ing admission of certificate by secretary of state showing forfeiture.

Appeal from Taylor County Court; Carlos D. Speck, Judge.·

Suit by the Abilene Steam Laundry Company against W. O. Shackelford. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

Cox & Hayden, of Abilene, for appellee.

RIDGELL, J. The Abilene Steam Laundry Company, a private corporation, filed this suit in the county court of Taylor county, Tex., on August 15, 1923, alleging that it was a corporation duly incorporated under the laws of the state of Texas and domiciled in Abilene, Tex.; that on August 23d appellee placed an Arco Sealit roof on a building of appellant, guaranteeing in writing that it would last for 10 years, for a consideration of $500. Appellant alleged that said roof has broken down entirely and is of no value, and that appellee refused to comply with his guaranty to appellant's damage in the sum of $500. By its amended petition appellant in the alternative alleged that, if the roof was not wholly worthless, then that $300 was the difference in value of said roof when placed on the building and its value as actually constructed. The appellant alleges that to the date of filing amended petition it had expended $100 in repair of the roof.

The appellee answered by way of general denial, and afterwards filed additional or amended answer which appellee called original answer, in which he demurred generally to plaintiff's petition and subject to the demurrer a general denial, and, for further answer, alleged that there was no flaw or defect in the roof or in its construction or in the material or workmanship, and that, if the roof leaked, same was caused by defects in the building; that the amount involved was fraudulently alleged to be more than $200; that the actual amount in controversy was less than $200; and that the county court had no jurisdiction of the cause. Appellee further answered by way of plea in abatement, alleging that the rights of appellant corporation had been forfeited on account of failure to pay its franchise tax, and that it was barred under the law from doing business in this state, and therefore forfeited its right to sue in the courts of this state.

The cause was tried before a jury, and upon instructions of the court the jury returned a verdict in favor of appellee on his plea in abatement. Motion for new trial was filed and overruled, and by appellant filing its bond the cause is before this court for review.

Upon the trial before the jury, the appellant made out its case and rested. The appellee introduced his evidence rebutting that made by appellant, and then introduced the certificate of the secretary of state supporting the allegation of the plea in abatement that the franchise had been forfeited. The appellant objected to the introduction of the certificate, on the grounds, among others, that it was not supported by any pleadings. After admitting the certificate, the court sustained the plea in abatement and peremptorily instructed the jury to find for defendant, and judgment was entered, dismissing the case.

Under the common law, a corporation dissolved could neither sue nor be sued, and actions pending were subject to dismissal, and could not be revised. This was not the rule in equity; hence equitable actions were not upon dissolution of corporations subject to be abated as at common law but only to be suspended until revised. Kelly v. Rochelle. (Tex. Civ. App.) 93 S. W. 164.

[1] Revised Statutes 1911, art. 1206, vests the assets of a corporation in its directors and authorizes suit by them to settle its affairs. This would authorize them to revive a suit abated by dissolution of the corporation (Richardson v. Allison [Tex. Com. App.] 213 S. W. 254); the statute there considered as to railway companies being the same as article 1206 relating to corporations generally.

[2, 3] It would seem to follow that a plea in abatement would be the only method to be used in preventing the prosecution of a suit by a defunct corporation. Our statutes require such pleas to be filed in due order of pleading, and, if not so filed, are waived. R. S. 1911, arts. 1902, 1909; Fulmore v. Benson (Tex. Civ. App.) 257 S. W. 698.

[4, 5] The further rule exists that a party, by going to trial on the merits without presenting a plea in abatement "in limine," waives the plea. Humphrey v. National Fire Ins. Co. (Tex. Com. App.) 231 S. W. 750; Harvey v. Provident Inv. Co. (Tex. Civ. App.) 156 S. W. 1127; Clegg v. Roscoe, etc., Co. (Tex. Civ. App.) 161 S. W. 944; Becker v. Becker et al. (Tex. Civ. App.) 218 S. W. 542. The conclusion is that appellee waived the plea by going to trial on the merits without presenting it, and therefore no pleading was in the case authorizing the court to admit the certificate of the secretary of state. If the plea had been filed in due order and timely presented, the court should not have dismissed the action, but should have, after seasonable notice, permitted the directors of the dissolved corporation to join and maintain the suit. Ferguson, etc., Co. v. Garrett (Tex. Com. App.) 252 S. W. 738.

For the error indicated, the judgment is reversed, and the cause remanded.