No. 28,961.

Alva B. Stryker, *Appellant,* v. B. N. Welch, *Appellee.*

(279 Pac. 25.)

Opinion filed July 6, 1929.

W. T. Roche, of Clay Center, for the appellant.

W. J. Gregg, of Frankfort, and R. L. Helvering, of Marysville, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal relates to a contest between two candidates for the office of county commissioner of Marshall county at the November election in 1928.

Pursuant to the statute the county clerk and the commissioners of Marshall county met in the county clerk's office on the Friday next following the election and proceeded to open and canvass the election returns, and at the conclusion thereof, on November 9, 1928, the commissioners determined that the appellee, B. N. Welch, had received the highest number of votes and declared him elected.

Within twenty days from the date and time when the votes were thus canvassed and the result so declared, on November 24, 1928, the appellant, Alva B. Stryker, filed with the county clerk his statutory statement of intention to contest the election, setting forth in writing the requisite facts upon which an election contest may be initiated.

The matter was duly brought to the attention of the probate judge and on the same day, November 24, 1928, he approved the contestor's bond for costs and selected two disinterested persons to serve with him as a court for the trial of this contested election, as provided by statute.

On November 28 the contestee and the two nominated judges were served with notice, and under authority of the statute the probate judge set the contest for hearing on December 18, 1928, at 9 a. m.

On November 30, 1928, the contestee, B. N. Welch, filed and served on the contestor his answer, in which he denied the recitals of fact set up in the statement of the contestor and demurred thereto; and in his answer the contestee also alleged with much detail various irregularities of the election judges and in the precinct returns whereby he was deprived of votes to which he was entitled, and that various illegal votes had been accredited to the contestor.

On November 30, 1928, the contestor filed a reply containing a general denial of all the adverse matters set up in the answer filed by the contestee.

On December 18, 1928, which was the day set for the hearing of the election contest, it was made to appear that Welch, the contestee, was unable to be present by reason of illness, and the hearing was continued until January 3, 1929. On that date the contest came on for hearing, the parties and their counsel being present, and the record proceeds thus:

"Whereupon, said contestor having produced in court the ballots cast at the last general election in the township of Cottage Hill, and having heard the testimony of Clyde K. Rodkey, county clerk, as to the custody of said ballots since said election, said ballots were offered in evidence, to which B. N. Welch, contestee, by his attorneys, objected for the reason that said contest was prematurely filed, the same having been filed on the 24th day of November, 1928, and that the final canvass of said votes was not made and the contestee herein was not declared elected by said Canvassing board until the 3d day of December, 1928, said date marking the final determination of the election, federal ballots being canvassed on that date, and by reason thereof there was no case before the court for consideration.

"And the court having heard the argument of counsel both for and against said objection, and having carefully considered the same, does sustain said objection.

"Thereupon it is now by the court ordered that this proceeding be and the same hereby is dismissed . . ."

The contestor appealed to the district court, and a motion to dismiss and a demurrer were filed in behalf of the contestee, which matters together with the contestor's appeal came on for hearing on February 26, 1929. The record recites:

"Whereupon, it appearing to the court by admission of counsel for both parties that the final canvass of the votes in Marshall county for the 1928 general election was held on December 3, 1928, on federal votes mailed in, but none of such votes were counted for either party; and thereupon the court, after duly considering the arguments of counsel for contestor and of the contestee and authorities cited, . . . finds that the motion of contestee to dismiss this appeal should be sustained and the demurrer filed herein by contestee should be also sustained."

Judgment in favor of the contestee was entered accordingly, and the cause is brought here for review.

Proceedings to contest an election are governed entirely by statute and the pertinent provisions of statute are to be fairly construed to effectuate and not to frustrate their purpose. When the county commissioners had, on the Friday next following the election (R. S.

25-701), canvassed the returns and determined that the appellee had been elected, the appellant was authorized, within twenty days therefrom (R. S. 25-1415), to institute proceedings to contest the election. While there might have been a postponement of the canvass of the vote for county officers (and a county commissioner is a county officer, *Leavenworth Co. v. State,* 5 Kan. 688) if votes of electors absent on account of military or federal service were expected (R. S. 25-701, 25-1109, 25-1211), yet the canvass of votes for the office of county commissioner was made and the result declared on November 9, 1928, "the Friday next following the election," which was quite enough to warrant the appellant in setting in motion his proceeding to contest the election. According to the journal entry of judgment in the district court it was admitted by counsel that the final canvass of votes in Marshall county for the 1928 general election was held on December 3, 1928, "on the federal votes mailed in, but none of such votes were counted for either party." Even if there had been such votes so received and canvassed, and such votes had affected or were likely to affect the result already declared by the county commissioners, there was ample authority of statute for the filing of a supplemental statement of facts before the contest tribunal. (R. S. 25-1424; 60-102; 60-764.) Moreover, if this contest had in fact been prematurely brought, that point should have been squarely and timely raised by the contestee before he answered on the merits. (*Anthony v. Smithson,* 70 Kan. 132, 134, 78 Pac. 454; 1 C. J. 1152.) Here the point of prematurity in bringing the contest was never broached until after the contestee answered on the merits, and after one continuance at his instance had been granted, nor until the time to institute a contest had altogether expired if the appellee's theory of the time within which the contest might be commenced were adopted.

In *Gribben v. Clement,* 141 Ia. 144, 133 A. L. R. 157, 160, 161, which was an action to foreclose a mortgage, and one of the defenses thereto was that the action was prematurely brought, the court in the opinion said:

"Was the suit prematurely brought? . . . If we should so hold, we do not think that such fact would entitle the defendant to a dismissal of the action. The old rule which required an action to be abated, merely because prematurely brought, has been borne down by the trend of modern decisions. Under the later decisions, if the plaintiff's cause of action is complete and mature before it comes to a hearing, he will ordinarily be permitted to try it

out on its merits. If the action was prematurely brought, the court has full power to impose proper terms upon the plaintiff for the full protection of the defendant. The usual terms imposed are that plaintiff be required to pay all costs incurred prior to the maturity of his cause of action. If other terms ought in justice to be imposed, the court has plenary power in the matter. The rule is to permit a supplemental petition to be filed and to allow the case to proceed." (pp. 149, 150.)

In *Lawrence v. Wheeler,* 77 Kan. 209, 213, 93 Pac. 602, it was said:

"This court has held that pleadings in the nature of an answer and reply are proper in contest cases, and if filed they should be construed according to the ordinary rules applicable to such pleadings. (*Baker v. Long,* 17 Kan. 341.) It has also been decided that the contest should be heard and adjudicated upon the merits and not disposed of upon technicalities. (*Buckland v. Goit,* 23 Kan. 327.)"

In *Buckland v. Goit,* 23 Kan. 327, which was an election contest which the contest court had erroneously dismissed on a technicality, this court said:

"At the time that this contest was dismissed it was too late for the contestor to commence a new contest, and hence, if this dismissal were to be sustained, it would be a final determination of the case, and a final determination upon a pure technicality. This the law never encourages, and especially not where cases are to be tried before inferior tribunals, not skilled in the law. It is a dangerous thing for an inferior tribunal, not skilled in the law, to attempt to decide cases upon pure legal technicalities. Superior courts seldom attempt any such thing. And the law always encourages trials upon the merits, and never encourages final determinations upon mere technicalities of any kind." (p. 330.)

A technical objection to the appeal was raised in the district court because the caption of the notice of appeal and the bond pertaining thereto bore the heading "In the probate court of Marshall county" instead of some appropriate recital that it was an appeal from the court for the trial of contested elections (R. S. 25-1413) in Marshall county. It is not suggested that this inconsequential defect (if it amounted to a defect, which is doubtful, R. S. 25-1430, 25-1431) misled or prejudiced the appellee in any way. Throughout all the files, including those pertaining to the appeal to the district court, the cause was sufficiently identified as "The Matter of Contest of Alva B. Stryker, Contestor, vs. B. N. Welch, Contestee."

The judgment of the district court is reversed and the cause remanded with instructions to set aside its judgment and to enter judgment directing the probate judge and his selected associates to

set aside their order dismissing the contest and directing the contest court to set about the determination of the contest on its merits as alleged in the statement of the contestor and in the answer of the contestee, and for further proceedings consistent therewith.