## HART v. TEXAS EMPLOYERS' INS. ASS'N.
### No. 3647.

Court of Civil Appeals of Texas. Amarillo.
Sept. 30, 1931.

Rehearing Denied Oct. 28, 1931.

L. B. Godwin, of Pampa, and Kimbrough & Boyce, of Amarillo, for appellant.

Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellee.

HALL, C. J.

This is a workmen's compensation case. Hart sued the appellee insurer to set aside an award of the Industrial Accident Board and to recover compensation for injuries resulting to him while he was employed by the Crescent Carbon Company, alleging that the Carbon Company held a policy issued by the appellee. The case was dismissed for want of jurisdiction.

He filed his original petition March 17, 1930. Citation was duly issued and served, and was returned and filed on March 21, 1930. He alleges that on the 13th day of March, 1930, the Industrial Accident Board made and entered its final ruling, award, and decision, "from which plaintiff duly appealed by filing written notice of intention so to and by filing this suit, all within twenty days of the date of said judgment of said Board."

On 'November 10, 1930, the appellee answered by general demurrer and general denial. Thereafter, on December 31, 1930, the appellee filed its verified plea to the jurisdiction, in which it alleges that the final award of the Industrial Accident Board was rendered on the 13th day of March, 1930; that this suit was filed on the 17th day of March, 1930, at which time no notice had been given by plaintiff to the Industrial Accident Board that he would not abide by the board's award; and it is further alleged that the only notice ever given by plaintiff to the board of his dissatisfaction with the award was filed with said board on the 20th day of March, 1930; by reason of which facts the district court had no jurisdiction.

It is held in Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, that the giving of the notice required by the statute that the party appealing will not abide by the award of the board is jurisdictional, but it is not held that the giving of such notice prior to the filing of the suit is a jurisdictional prerequisite. The evidence shows that the notice was given and the suit was filed within the twenty days prescribed by statute for giving the notice. We think this was sufficient to give the court jurisdiction. It may be conceded that the statute contemplates that the notice should be given before the filing of the suit, but it does not in express terms require that the proceedings should be taken in this order. The result of the appellant filing the suit before giving the notice is that his action was prematurely brought, but it is said in 1 C. J. 1152: "The premature commencement of an action is not a jurisdictional matter but is one which may be waived as by a failure seasonably to interpose an objection upon this ground and it is ordinarily held that if defendant, without objection, appears and pleads to the merits of the action, he cannot thereafter object that it was prematurely commenced."

This seems to be the general rule. Anthony v. Smithson, 70 Kan. 132, 78 P. 454; Kleiner v. O'Kelley, 22 N. M. 624, 167 P. 1; Braender Rubber & Tire Co. v. Dueth-Henes Corp., 207 Ill. App. 155; Simmons v. Harris, 7 Baxt. (Tenn.) 325.

The general rule is that, when a suit is prematurely filed, it may be abated by the filing of a proper plea in abatement in the due order of pleading; that is, before the defendant has answered to the merits. However, as stated above, the defendant answered on November 10, 1930, by general demurrer and general denial, and did not at any time move to abate said suit because it had been prematurely filed. The filing of an answer had the effect of waiving this defect, and a plea filed subsequent to the filing of the answer would have been too late, and must have been overruled. Duenkel v. Amarillo Bank & Trust Co. (Tex. Civ. App.) 222 S. W. 670. For the same reason the plea to the jurisdiction was also waived because, upon the filing of the suit and the service of the notice upon the board within the twenty days, the district court had jurisdiction of the subject-matter and of the parties.

As said in 1 Tex. Jur. § 95: "Premature institution of an action is a ground for abating it, the objection being raised by verified plea in due order unless the fact appears from the face of the petition. * * * In the absence of a showing of prejudice, it would seem that reversible error is not committed in overruling the plea if the objection no longer exists at the time of the filing of the plea and at the time of trial."

■■ That the appellee and the board had the statutory notice cannot be denied, and it is not shown that the failure to give the notice before filing the suit has in any way prejudiced the rights of any one. The provisions of the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.) are to be liberally construed, and, while substantial compliance with its provisions is required, the objection urged here is purely technical, and we think that the trial court erred in sustaining the plea to the jurisdiction and dismissing the case.

The judgment is therefore reversed, and the cause remanded.