### ELECTRIC CHEMICAL CO. v. TUCKER OIL CO.

No. 13224.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 27, 1935.

Rehearing Denied Nov. 1, 1935.

Bert Edw. Derden, of Wichita Falls, for appellant.

E. C. deMontel and Arch Dawson, both of Wichita Falls, for appellee.

BROWN, Justice.

Appellant brought suit against appellee, in the county court at law, of Wichita county, for debt.

Appellee answered by a general demurrer and a general denial, filed August 6, 1934, and on September 24, 1934, by first amended answer urged a general demurrer, a special exception, which is, in fact, a plea in abatement, urging the dismissal of plaintiff's suit because it was prematurely brought, in that the debt had not accrued when the suit was filed, also a general denial and a special answer denying the authority of its agent to make the contract of sale sued upon by appellant and urging fraud upon the part of appellant's agent in procuring the contract of purchase and sale of the goods involved in the transaction.

Appellant replied to such answer by a general demurrer, by specially excepting to the defendant's allegations by and through which it seeks to abate plaintiff's suit and a dismissal thereof, because such plea in abatement comes too late and was not filed in due order of pleading; a special exception to the same allegations because they are in fact a speaking demurrer; a special exception to the allegations of fraud upon the part of plaintiff's agent making the sale, in that such allegations do not set forth any act of fraud; and a general denial.

The judgment of the trial court recites that the plaintiff's general demurrer and its two special exceptions are overruled; that the defendant's general demurrer to plaintiff's petition is sustained; that the plaintiff was granted leave to amend, declined to do so, and the trial court dismissed plaintiff's suit.

Due exception was taken and the case properly appealed.

■ Appellee having filed a general demurrer and a general denial before amending its pleading, waived its right to urge a plea in abatement, on the theory that the suit was prematurely brought. Abilene Steam Laundry Co. v. Shackelford (Tex. Civ. App.) 284 S. W. 622; Wischkaemper v. Clement & Walker (Tex. Civ. App.) 58 S.W.(2d) 566.

Appellant's special exception to the allegations asserting that the suit is prematurely brought was well taken.

■ We are of the opinion that appellant's second special exception addressed to appellee's pleading asserting fraud upon the part of appellant's agent in making the sale is well taken. The allegations are not specific enough to point out any act constituting fraud, and are too general. But appellee has alleged that its agent, who purported to make the contract upon which it is sought to be held, had no authority to so contract and bind appellee, and it follows that appellant's general demurrer to the answer is not well taken.

■ Aside from what has been said, even if the allegations of fact constituting the plea in abatement are true, it fully appears that appellant's cause of action had matured long before the cause was tried, and the mere fact that appellant's petition was filed before its cause of action actually matured gives no cause for dismissing his suit at the time of the trial, under the facts and pleadings.

Appellant's petition states a cause of action against appellee for goods sold and delivered, and the trial court erred in sus-

taining the general demurrer addressed to such pleading.

The judgment of the trial court is reversed and the cause remanded for a trial upon the merits, consistent with our conclusions.

Reversed and remanded.

**On Motion to Postpone Submission of Motion for Rehearing and for Certiorari to Perfect the Record.**

We are without authority to grant the relief requested. The motion for certiorari is filed after this cause has been submitted and judgment rendered by this court. Ballard v. Breigh (Tex. Civ. App.) 262 S. W. 886, page 891; Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441.

The fact that this is a joint motion does not warrant the ignoring of the rule. Rule 22, for Courts of Civil Appeals.

The motion to postpone submission of the motion for rehearing is overruled, and the motion for certiorari to perfect the record is likewise overruled.