No. 34,517

HELEN E. MOORE, *Appellant*, v. L. W. GRAHAM, THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LEAVENWORTH, and FRANK FARRELL, County Treasurer, etc., *Appellees*.

(98 P. 2d 111)

Opinion filed January 27, 1940.

*Walter G. Klamm,* of Kansas City, and *James B. Kelsey,* of Leavenworth, for the appellant.

*Lee Bond,* of Leavenworth, and *Walter Biddle,* county attorney, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action to set aside a tax deed. Judgment was for defendants. Plaintiff appeals.

The petition alleged that plaintiff on or about May 26, 1927, became the owner in fee of the lot in question in the city of Leavenworth; that on October 19, 1935, the board of county commissioners filed a suit in district court by the county attorney to foreclose a tax lien on the lot in question for taxes on it for the years 1927 to 1931, inclusive, in the amount of $90.11; that this cause of action was known as cause of action No. 140 in civil action No. 26996 in the district court of Leavenworth county. The petition then alleged that on July 26, 1932, she redeemed this property by paying the delinquent taxes on it for 1927, 1928, 1929 and 1930 and received a receipt therefor from the county treasurer and county clerk, this payment being in the amount of $72.35. The petition alleged that after payment of the taxes, as above set out, the taxes on the property again became delinquent for the year 1931 and the property was sold to the county on the first Tuesday in September, 1932, for the 1931 taxes, and remained unredeemed until October 19, 1935, less than three and one-fourth years, when civil action No. 26996 was filed to foreclose a purported tax lien on the property, as shown by cause of action No. 140 in civil action No. 26996; that thereafter a void judgment was taken in that action and the real estate was sold at a sheriff's sale on July 21, 1936, to Graham, one of the defendants in this action. The petition further alleged that on August 27, 1936, plaintiff redeemed the land in question by paying to the county treasurer the taxes on the lot in question for the years 1931, 1932, 1933 and 1934, and received a tax certificate in the amount of $61.14. The petition further alleged that Graham had removed two houses from the property of the value of $400, and that plaintiff was ready and willing to do equity and to pay whatever taxes and interest which by law she might be required to pay to obtain the relief sought.

The prayer of the petition was that the deed in question be set aside, and for such other relief as was just and equitable.

In their answer the defendants alleged that prior to October 19, 1935, the board of county commissioners caused certain information concerning delinquent taxes to be prepared; that included therein was the lot in question; that this information was to the effect

that taxes on the lot in question for the years 1927, 1928, 1930 and 1931 were unpaid; that the county attorney prepared a petition to foreclose these tax liens and on October 19, 1935, the commissioner authorized the suit and it was duly filed; that plaintiff under her name at that time was duly made a party, together with other parties who claimed interest in the lot; that plaintiff was a nonresident of Leavenworth county and was served by publication. The answer further alleged that none of the parties who were made defendants in the tax suit answered or made any appearance in the action; that thereafter and on May 26, 1936, the tax suit came on to be heard and the plaintiff presented the proof of publication of notice, and notice was approved and judgment was duly entered foreclosing the tax lien against the property. The answer further alleged that plaintiff Helen Moore was formerly Helen Williams and as such she permitted the lot in question to stand on the tax rolls for many years. The answer further alleged that after the rendition of the judgment in the tax suit an execution was issued to the sheriff, ordering him to sell the lots according to law, and on July 21, 1936, the sheriff did sell the lot at public auction to defendant Graham; that this sale was confirmed on August 1, 1936, the deed issued to Graham on August 10, 1936, and recorded by Graham on August 14, 1936. The answer further alleged that on September 5, 1936, Graham redeemed the property from sale for delinquent taxes for the years 1932, 1933 and 1934 in the amount of $45.21. The answer further alleged that about September 25, 1936, Graham deeded the lot to H. S. Tullock, who was at the time the answer was filed the owner and in possession of it. The answer then alleged that by reason of the allegations that had been pointed out, and the judgment to which reference had been made, all the allegations in plaintiff's petition had been adjudicated and the plaintiff had failed within a period of six months after the sale of the lot to take proper proceedings to set the sale aside, and on that account the judgment in the tax suit was binding on the plaintiff, and the plaintiff was barred from setting up or asserting any right, title or interest in the lot and the sheriff's deed issued to Graham was good.

The reply was a general denial.

There was a stipulation as to the facts. As far as we are concerned they were as follows: Plaintiff became the owner of the lot May 27, 1927; on July 26, 1932, the taxes were delinquent for 1927, 1928, 1929, 1930 and 1931, and plaintiff redeemed them for the years

1927, 1928, 1929 and 1930. On the first Tuesday in September, 1932, the taxes again became delinquent for 1931, and on that date Leavenworth county bid the property in at a delinquent tax sale and the property remained unredeemed until October 19, 1935, when civil action No. 26996 was filed to foreclose a tax lien alleged to exist for the years 1927, 1928, 1929, 1930 and 1931. By virtue of a judgment in that action obtained on May 26, 1936, the lot was sold at sheriff's sale on July 21, 1936, to Graham for $1 and a sheriff's deed was issued to him and the sale was confirmed August 1, 1936. A statement of an abstractor, delivered to the county attorney, showed that the taxes were delinquent for the years 1927 to 1931, inclusive. However, the delinquent taxes for the years 1927 to 1930 had been paid on July 26, 1932, and a tax certificate issued.

Thereafter plaintiff was served with notice by publication of the pendency of the action to foreclose the tax lien, but she failed to appear or answer, and on May 26, 1936, judgment was rendered, foreclosing it.

Thereafter an execution was issued and on July 21, 1936, the sheriff sold the lot at public sale, and on August 10, 1936, he issued his deed to Graham and on August 14, 1936, the deed was recorded.

The notice of sheriff's sale, published by the sheriff, stated that the property would be sold, subject to the taxes for the years 1931, 1932, 1933, 1934 and 1935, inclusive.

The amount of the tax lien charged to each tract, as determined by the judgment of the court, was not published by the sheriff in the notice of sale pursuant to the execution.

On August 27, 1936, the plaintiff paid to the sheriff the delinquent taxes on the property for the years 1931, 1932, 1933 and 1934, and the payment was accepted.

On September 5, 1936, Graham paid the delinquent taxes for the years 1932, 1933 and 1934.

Immediately after the delivery to defendant Graham of the deed he caused two small houses to be removed from the lot.

On October 8, 1936, the plaintiff in this case caused to be filed in the tax suit her motion to vacate and set aside the judgment foreclosing the tax lien.

On November 9, 1936, the above motion was duly presented in court and was overruled.

On or about September 25, 1936, Graham deeded the lot to H. S. Tullock and he went into possession of it.

On these pleadings and the facts as above stipulated the trial court gave judgment for the defendants. Hence this appeal.

At the outset, plaintiff realizes that this is a collateral attack on a judgment and that she has the burden of overturning the judgment in the tax foreclosure action and that in order to accomplish this she must establish that the judgment in that case was void. She points out that the delinquent taxes prior to 1931 had been paid on July 26, 1932, the lot was bid in by the county on the first Tuesday in September, 1932, and the action to foreclose the tax lien was filed October 19, 1935; that G. S. 1935, 79-2801, provides for the foreclosure of tax liens in cases of this sort. The part of that statute with which we are interested is as follows:

"That in all cases in which real estate has been or shall be sold and bid in by the county at any delinquent tax sale, and shall remain or shall have remained unredeemed and the certificate of sale untransferred for the period of three and one-fourth years after such sale, or any extension thereof as provided in sections 1 (79-2326) and 2 (79-2401) hereof, it shall be the duty of the county attorney of such county, when so ordered by the board of county commissioners, to institute an action in the district court in the name of the board of county commissioners, against the owners or supposed owners of such real estate, or so much thereof as the commissioners may direct."

It will be noted that this statute provides that the action to foreclose a tax lien cannot be commenced until the land in question shall have remained unredeemed from the sale to the county for three and one-fourth years. In this case three and one-fourth years had not elapsed since the lot was bid in for the 1931 taxes before the action to foreclose the tax lien was filed. She argues from this that the trial court did not have jurisdiction of the subject matter of the action, and hence the judgment was void. The district court had jurisdiction of the subject matter of foreclosure of tax liens. There can be no doubt about that. The matter which plaintiff argues made the judgment void could have been raised by answer. The mere fact that there was a fact which had it been pleaded would have been a defense to the action does not take away from the court jurisdiction of the subject matter. The subject matter of the action was the foreclosure of tax liens and the trial court had jurisdiction of this at all times. *Rowe v. Palmer*, 29 Kan. 337, was a case where the judgment was based on service by publication. The judgment was attacked collaterally and a defect in the service was relied on. This court said:

"It is not necessary for us to decide whether the petition states such a

cause of action as would be good if challenged by a demurrer. If it contains sufficient matter to challenge the attention of the court as to its merits, and such a case is thereby presented as to authorize the trial court to deliberate and act, a judgment rendered thereon is not void. From the petition and notice by publication the court acquired jurisdiction; thereafter it had the right to decide every question that occurred in the cause, and whether its de· cisions be correct or not, its judgment until reversed must be regarded as binding. Therefore, the objections made to the judgment in the collateral way in which plaintiffs sought to do upon the trial of the case were properly overruled." (p. 340.)

In *Anthony v. Smithson*, 70 Kan. 132, the plaintiff had brought an · action for the amount due him for drilling some wells on the farm of the defendant. Section 5119 of the General Statutes of 1901 provided that no owner should be liable in an action on a claim by a contractor for improvements on land owned by the person sued until the expiration of sixty days from the time the labor was performed or the material furnished. The action was of that sort and sixty days had not elapsed. It was argued that this deprived the court of jurisdiction. This court said:

"From the amended bill of particulars it appeared that the suit was prematurely brought, at least as to a portion of the claim, and the defendant argues that such fact deprived the court of power to proceed. Such, however, is not the law. Prematurity in bringing suit is not a jurisdictional matter. As stated at page 746 of volume 1 of the Cyclopedia of Law and Procedure: 'It has been held that where defendant is sued on a demand before it is due, and pleads in chief, it is too late afterward to make objection that the action is premature.'" (p. 134.)

See, also, *Stryker v. Welch*, 128 Kan. 632, 279 Pac. 25. Our books are full of cases in which this general rule is announced.

Moreover, in the action to foreclose the tax lien the plaintiff filed a motion to set aside the judgment. This motion was heard by the trial court and denied. Plaintiff did not appeal from that order. We do not find a copy of that motion in this record, but there can be no doubt that the motion could have raised the question of the irregularities in bringing the actions that are relied upon here. We are not called on to say here whether this motion to set the judgment aside should have been sustained, since the plaintiff did not appeal from that order. An appeal may be taken from any final order. G. S. 1935, 60-3303, defines a final order as, ". . . an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment." There can be no doubt that the denial of the motion of plaintiff to vacate the judgment in the tax foreclosure action affected a substantial right of

plaintiff. It was her only chance to be let into that case to defend. The ruling of the district court on that motion was *res judicata* of the matter raised by the pleadings and admitted facts in this case.

Plaintiff also points out that the notice of sale which was published by the sheriff did not contain any statement of the amount of the tax lien charged against each parcel of land. She argues that this omission makes the judgment void. The same answer must be made to this that has been made to the argument with which we have already dealt in this opinion. The omission was an irregularity only and did not affect the jurisdiction of the court.

The judgment of the trial court is affirmed.