MARYLAND CASUALTY COMPANY V. JAMES E. LEWIS.

No. A-3562. October 29, 1952.
(252 S. W., 2d Series, 155.)

*Cantey, Hanger, Johnson, Scarborough & Gooch, W. B. Thompson* and *Howard Barker*, all of Fort Worth, for petitioner.

The Court of Civil Appeals erred in holding that petitioner (insurance company) was required to show justifiable cause for failure to pay the Board's award between the time of institution of respondent's suit to mature and the filing of petitioner's answer in the trial court, also in overruling petitioner's point complaining that the trial court committed error in rendering judgment for the plaintiff (Lewis) for the reason that it was not shown that the defendant failed or refused without justifiable cause to make compensation payments promptly as they matured. Petroleum Casualty Co. v. Dean, 132 Texas 320, 122 S.W. 2d 1053; Texas Emp. Ins. Ass'n v. Harrington, 61 S.W. 2d 167; Kelley v. Stubblefield, 26 S.W. 2d 281.

*Smith & Smith,* of Anson, *Scarborough, Yates, Scarborough & Black,* and *Edmund C. Yates,* all of Abilene, for respondent.

No suit having been filed as an appeal from the award of the Industrial Accident Board in the time provided by statute the trial court properly rendered judgment maturing the award of the board. Price v. Continental Casualty Co., 229 S.W. 2d 887; Southern Underwriters v. Lewis, 150 S.W. 2d 162; Hart v. Texas Employers' Ins. Ass'n. 42 S.W. 2d 798.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

Respondent, Jas. E. Lewis, filed this suit against petitioner, Maryland Casualty Co., as provided by Sec. 5a, Art. 8307, Vern. Anno. Civ. Stat., to mature an award of the Industrial Accident Board.

Lewis was injured on October 31, 1949, and on June 16, 1950, the Board awarded him compensation for 10 weeks total incapacity and 140 weeks partial incapacity, less amounts already paid him by petitioner. Both parties gave due notice of intention to appeal from the Board's award, petitioner on July 1, 1950, and Lewis on July 5, 1950. But neither petitioner nor Lewis filed suit as provided by Sec. 5, Art. 8307, ib., to appeal from the award. Nor did either party ever notify the other of his decision not to follow through on his notice of intention to appeal to the courts.

So, under the provisions of Sec. 5, Art. 8307, ib., petitioner's time for appeal expired at midnight, July 21, 1950, while respondent's time expired at midnight, July 25, 1950. At 9:30 A. M. July 26, 1950, Lewis filed this suit demanding payment not alone of the award but of the 12 per cent statutory penalty

and attorney's fees as well. Citation was served on petitioner on July 28, 1950, and on August 19, 1950, it moved that the suit be dismissed as premature and made tender of all amounts then due on the Board's award, and subject thereto it filed an answer which consisted of a special exception and a general denial.

The trial court entered judgment maturing the award and also giving Lewis the 12 per cent statutory penalty and attorney's fees. This judgment was affirmed by the Court of Civil Appeals. 245 S. W. 2d 548.

The Court of Civil Appeals passed over the contention that the suit was premature because filed 9½ hours after respondent's own time for appealing from the Board's award had expired. Noting that the award became final and payments thereunder due on July 26, 1950, the court says that no payment or tender of payment was made by petitioner until August 19, 1950, 24 days later and 22 days after it got actual notice (by service of the citation) that the award had become final; that although this suit may have been prematurely filed, petitioner was not thereby prejudiced because it had without just cause thus failed for 24 days to make payment or tender of payment. Then the opinion concludes: "Under such circumstances it was not reversible error to overrule appellant's motion to dismiss and to enter judgment for the relief to which appellee was then entitled under the facts shown by the evidence and claimed in his pleadings. The filing of an amended petition would have eliminated the question of prematurity and is the preferable practical but is not now compulsory under the Workmen's Compensation Act." (Citing Hart v. Texas Employers' Ins. Ass'n., Civ. App., 42 S. W. 2d 798, error refused, and Electric Chemical Co. v. Tucker Oil Co., Civ. App., 87 S. W. 2d 328, error dismissed).

1 We cannot approve this holding. Respondent's demand in so far as it relates to attorney's fees and 12 per cent penalty is a suit for a penalty. Therefore his pleadings will be strictly construed and no intendments or inferences can be indulged to supply omissions or deficiencies. Ford Motor Co. v. State, 143 Texas 5, 175 S. W. 2d 230. In an approved opinion by the Commission of Appeals in Pool v. Chapman, 283 S. W. 762, 764, it is said: "This is a statutory liability against Pool. Beginning with the early case of State v. Williams, 8 Texas 265, our Supreme Court has always held that one trying to enforce such a liability

must plead his case with a great degree of certainty. In fact, it is held that the certainty must be of the same degree as would be required in a bill of indictment." In his original petition, filed "at 9:30 A.M., the 26th day of July, 1950," and which was in no way amended or supplemented, respondent unequivocally based his claim for a 12 per cent penalty and attorney's fee on the allegation that "the defendant *has* not paid said award and *has* not offered to pay the same. That on account of respondent's refusal to discharge its obligation as provided for in said award, without justification, the plaintiff *has elected* to mature the entire said award," etc. (Italics ours). Therefore, respondent's claim for the penalty and attorney's fee must be measured by what petitioner had done or not done before 9:30 A.M., July 26, 1950, and the Court of Civil Appeals erred in holding otherwise. There is nothing in the two cases cited by the Court of Civil Appeals, supra, that is contrary to our conclusion. In Electric Chemical Co. v. Tucker Oil Co., supra, 87 S. W. 2d 328, the suit was for debt, which was not due when suit was filed but which became due long before it was tried, and it was held that since the defendant filed its plea in abatement that suit was prematurely brought, after pleading to the merits, the abatement plea was properly overruled. In Hart v. Texas Employers' Ins. Assn'n., supra, 42 S. W. 2d 798, the claimant filed his suit to set aside the Board's award and gave the notice within 20 days after the award but the notice had not been given when the suit was filed. So it was held that giving the notice is not jurisdictional hence the defendant could and did waive the defect by answering to the merits before moving to abate on theory that the suit was prematurely filed.

Whether respondent's demand at 9:30 A.M., July 26, 1950, for the 12 per cent penalty and attorney's fees was premature must be determined under Art. 8307, Secs. 5 and 5a, Vern. Anno. Civ. Stats.

2  Sec. 5 provides that any interested party who is not willing to abide by the Board's award may appeal to the courts (1) by giving notice of such unwillingness within 20 days after the award, and (2) by filing suit to set aside the award within 20 days after such notice is given; that if he fails to file suit within 20 days after notice, the award shall be binding on all parties; and, if the award is against the insurance company, "it shall *at once* comply" with the award. (Italics ours.)

Sec. 5a provides that if the insurance company shall fail to

comply with the award as provided in Sec. 5, supra, that is, "at once," the claimant may bring suit on the award and if the award is sustained in whole or in part "he shall also be entitled to recover the further sum of 12 per cent as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee * * *."

Did this requirement that petitioner pay the Board's award "at once" mean that it was obligated to pay it before 9:30 A.M. July 26, 1950, in order to escape penalties?

The phrase *at once* has often been distinguished from other words or phrases importing immediate or instantaneous action, and in doing so the "courts have declared without qualification that is signified in a reasonable time." 7 C.J.S., p. 160. And see Words and Phrases, (Perm. Ed.) Vol. 4, p. 682, et seq. It is common knowledge that generally the business day does not open before 8 o'clock A.M., while a banking day does not begin earlier than 9 o'clock A.M. Hence out of the 9½ hours during which respondent asserts that petitioner was bound to pay the award in order to escape penalties, most of them passed during the darkness of the night, while all but one hour and thirty minutes of them passed before the general business day opened and only thirty minutes of them remained when the banking day began. Under those circumstances we hold that petitioner had not violated its statutory obligation to pay at once so as to entitle respondent to the 12 per cent penalty and attorney's fee. In that conclusion we make no quarrel with Minor v. London Guarantee & Accident Co. Ltd. (Com. App.) 280 S. W. 163, Dixon et al. v. U. S. Fidelity & Guaranty Co (Civ. App.) 293 S. W. 291, error dismissed, and Texas Employers Ins. Ass'n. v. Harrington (Civ. App.) 61 S. W. 2d 167, in which it is held that payment of awards made in 15 days, 4 days and 5 days, respectively, after the award became final was not payment at once.

Accordingly, in so far as the judgments below give respondent the 12 per cent penalty and attorney's fees, they are reversed and judgment is here rendered that respondent take nothing as to them. Otherwise, the judgments below are affirmed.

Opinion delivered October 29, 1952.