No. 36,779

FRANK L. DOWN and JOHN DOWN, *Appellants*, v. LULU AUSTEN-FELD, and C. H. LAMBERT as Administrator of the Estate of ANNIE L. DOWN, Deceased, *Appellees*.

(178 P. 2d 201)

Opinion filed March 8, 1947.

*Owen S. Samuel,* of Emporia, argued the cause and was on the briefs for the appellants.

*James W. Putnam,* of Emporia, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

BURCH, J.: The appeal in this case is from a ruling of the district court sustaining a demurrer to a petition for specific performance of the terms of an alleged family settlement. The petition discloses that at the time it was filed in the district court administration proceedings were pending in the probate court and that the property involved in the action was a part of the assets of the estate being administered. The demurrer was sustained solely upon the ground that the district court did not have jurisdiction.

Consideration of the trial court's ruling obviously necessitates examination of the allegations contained in the petition which pertain to the question of jurisdiction. The petition alleges that Annie L. Down died intestate in November, 1944; that at the time of her death she left surviving her two sons, Frank L. Down and John Down, the plaintiffs, and also a daughter, Lulu Austenfeld, one of the defendants; that on March 13, 1946, a petition was filed in the probate court for administration of the estate of Annie L. Down and as a consequence thereof C. H. Lambert, the other defendant, was named and qualified as administrator of the estate. The petition alleges further that the defendant, C. H. Lambert, was acting in

his capacity as administrator when the petition was filed. Other allegations of the petition set forth in detail the terms of the alleged family settlement, many of which are not germane to jurisdiction and, therefore, need not be considred herein. Comprehension of the controversy commands, however, that certain additional allegations be considered.

According to the petition, the plaintiffs, for some time prior to the death of their mother, advanced to her various sums of money which she expended for the necessaries and comforts of life and in the repair and maintenance of her home. Such sums were advanced with the understanding and agreement that they would be repaid after the death of the mother upon the sale of the property then owned by her. The petition also alleges that before her death the mother executed and delivered to the plaintiff, Frank L. Down, a written memorandum concerning her affairs and her property and that contents thereof were made known to her three children herein named; that shortly after the death of their mother the children agreed that the estate of their mother should not be administered and that the family settlement would be carried out without intervention of the courts or outside persons; that in connection with the family settlement the defendant daughter agreed, if the plaintiff brothers would pay the expenses incident to the last illness and the burial of their mother, that the real estate which consisted of one house and lot, would be held until the same could be sold to advantage and when the property was sold the plaintiffs would be reimbursed from the proceeds for all moneys advanced by them prior and subsequent to the death of the mother. It was also agreed that after deducting the advances, the remaining balance would be divided equally among the three children. The petition also contains allegations to the effect that in reliance upon the agreement, the brothers paid the expenses incident to the last sickness and burial of their mother and refrained from instituting any proceedings for the administration of her estate but that notwithstanding such performance on their part, the defendant sister, more than one year and thirty days after the death of the mother, filed in the probate court a petition for administration of her estate and that by reason thereof the defendant, C. H. Lambert, was duly appointed, qualified and acting administrator of the estate of the deceased and had filed a petition to sell the real property and that he intended to sell the same at public or private sale and distribute one-third of the proceeds from the sale

equally among the three children without first deducting therefrom the moneys advanced by the plaintiffs, with the result that the alleged agreement would be violated. The plaintiffs allege that as a consequence thereof they are entitled to judgment against their defendant sister for the amount of moneys they have advanced, and to have the same adjudged a first and prior lien against the share and interest of the defendant in and to the realty of the deceased. The prayer of the petition concludes by asserting that the property should be sold and "the proceeds be paid into Court subject to final order of distribution as provided by law." From the foregoing it conclusively appears that at the time the action was brought, administration proceedings were pending in the probate court and that the final order of settlement, accounting and determination of the persons entitled to the estate of the decedent had not been entered in the probate court. It should be observed, also, that the instant action was brought originally in the district court and did not reach that tribunal by appeal from or certification by the probate court.

Reduced to simplicity the only question presented in this appeal is whether the probate court had jurisdiction to settle and distribute an estate in accordance with the terms of an alleged contract which provided for a final family settlement and distribution. If the probate court had such jurisdiction, we do not reach the question whether the district court also had original concurrent jurisdiction because the first court which acquired jurisdiction retained it. In the recent case of *Herbel v. Nuss,* 158 Kan. 376, 147 P. 2d 735, we held:

"Even though it be assumed the district court had concurrent jurisdiction, the general rule is that the court which first acquires jurisdiction may draw to itself all matters inhering and retain such jurisdiction and control to the exclusion of any other court of concurrent jurisdiction. (*Egnatic v. Wollard,* 156 Kan. 843, 857, 137 P. 2d 188, and cases there cited.)" (p. 379.)

The sole question hereinbefore set forth has been answered by this court in the case of *Erwin v. Erwin,* 153 Kan. 703, 113 P. 2d 349. In the cited case, one of the contentions was that the probate court had jurisdiction to make a decree of distribution only in accordance with the law of descent and distribution. Another contention therein was that the probate court had no jurisdiction to consider or enforce a private contract of the heirs. We held to the contrary. From the opinion in the cited case, written by Mr. Justice Wedell, the following is quoted:

"Manifestly, the contract of family settlement was between private individuals. Such a contract is always between private individuals, namely, heirs, devisees or legatees. The property, however, which was the subject of their contract was the property of an estate and that estate was in the process of administration in a court vested with jurisdiction and power to settle and distribute estates." (p. 706.)

The opinion continues:

"They could not stand by and permit the probate court to enter a final decree of settlement and distribution according to the law of descent and distribution and thereafter assert contrary rights under a private contract.

". . . The express purpose of the contract was to adjust, compromise and settle the claims of the heirs in order to restore the confidence, friendship and affection which had existed during the lifetime of decedent. Such contracts have been enforced frequently by probate courts, whether they provide distribution upon a plan different from that prescribed by the statute of descent and distribution or the statute of wills. (*Myers v. Noble,* 141 Kan. 432, 41 P. 2d 1021; *Hirt v. Bucklin State Bank,* 153 Kan. 194, 109 P. 2d 171, and cases therein cited.) The modern tendency is to extend the jurisdiction of the probate court in respect to matters incident and ancillary to the exercise of its recognized jurisdiction. (15 C. J. 1012; 21 C. J. S. §§ 301, 304; *In re Osborn's Estate,* 99 Kan. 227, 229, 161 Pac. 601; *Myers. v. Noble,* supra, pp. 436, 437.)

"The new probate code, however, conclusively settles the question of the jurisdiction of both probate court and the district court in the instant case. . . . The new code requires, among other things, that the petition for final settlement state *the nature and character* of the respective claims of the heirs, devisees and legatees. (G. S. 1939 Supp., 59-2247.) The pertinent portion of the new code, which pertains to the hearing of the petition for and the decree of final settlement provides:

"'. . . Upon such settlement and allowance the court shall determine the heirs, devisees and legatees entitled to the estate and assign the same to them by its decree. The decree shall name the heirs, devisees, and legatees, describe the property, *and state the proportion or part thereof to which each is entitled. Said decree shall be binding as to all the estate of the decedent,* whether specifically described in the proceedings or not . . . when the final decree includes real estate, such decree, or a certified copy thereof, may be entered on the transfer record of the county clerk of the proper county.' (G. S. 1939 Supp. 59-2249.) (Emphasis supplied.)" (p. 706.)

The only substantial difference between the facts in the cited case and the facts in the present case is that in the cited case the validity of the contract was conceded and the administratrix filed the petition in the probate court for final settlement and distribution of the estate in accordance with the terms of the contract. We cannot determine in this appeal whether the facts alleged which pertain to the family settlement contract ultimately will be con-

ceded but for the purpose of the appeal the demurrer admits the facts pleaded in the petition. It is not contended in the present case that the question of jurisdiction is in any way affected by reason of the fact that the final settlement contract was asserted by the heirs in the present case in the district court as distinguished from the administratrix having done so in the probate court in the cited case and no reason occurs to us which would justify any distinction being made. The cited case clearly holds that the probate court had jurisdiction to settle and distribute an estate in accordance with the terms of a family settlement and such holding is decisive of the present case.

Counsel for the respective parties in oral arguments and in their briefs have presented in this appeal questions predicated upon proceedings which occurred, and which may hereafter occur, in the probate court. This court cannot, however, consider the record in the probate proceedings. As hereinbefore stated, the present case is not an instance of an appeal from the probate court to the district court and in turn to this court. We have been requested to volunteer information as to what may be the effect of the so-called "nonclaim statute" (now G. S. 1945 Supp., 59-2239) in subsequent proceedings which may follow in the probate court. Although this court might be inclined to accommodate counsel for both parties and settle as many questions as possible for them in this appeal, we cannot do so. If we indulged in consideration of questions not properly presented by the appeal, our conclusions would be nothing more than *dicta* and not binding upon courts, counsel or litigants. Moreover, it would be manifestly unfair for us to suggest what may or may not be done because we cannot conjecture what subsequent proceedings may occur and what objections may be made. Any comment which we might volunteer, therefore, would be prejudicial to the rights of the litigants and we must refrain from speculating upon what results may follow. For the same reasons we do not comment upon many of our decisions which have been cited by counsel for the respective parties. Some of the cited cases are applicable in some respects to the present case and inapplicable in others but we should not anticipate litigation for the purpose of analyzing the cited cases.

The judgment of the district court is affirmed.