No. 37,675

Moss J. Hoppas, Guardian of the Person and Estate of William E. Hoppas, an incompetent person, *Appellant,* v. Mrs. M. H. Bowman and Billie Lea Bowman, her daughter, *Appellees.*

(207 P. 2d 950)

Opinion

filed July 9, 1949.

Kenneth Clark, of Hoxie, argued the cause, and W. H. Clark, also of Hoxie, Marion W. Chipman, of Hill City, and D. A. Hindman, of Stockton, were with him on the briefs for the appellant.

A. W. Relihan, of Smith Center, argued the cause, and J. F. Bennett, of Norton, John M. Bremer and L. F. Cushenbery, both of Oberlin, and T. D. Relihan, of Smith Center, were with him on the briefs for the appellees.

The opinion of the court was delivered by

ARN, J.: This is an action to cancel a deed and to quiet title to 200 acres of Decatur county land. Plaintiff is the guardian of the grantor of the purported deed which was executed prior to said grantor's adjudication as an incompetent person. The defendants are the only heirs of the grantee, B. S. Bowman, now deceased. The district court held it was without jurisdiction, the determination of validity of the deed being a matter for the probate court. Accordingly, the district court dismissed the action, and plaintiff guardian has appealed.

The petition filed on June 26, 1948, alleged in substance that on June 16, 1948, William E. Hoppas was adjudged an incompetent person and Moss J. Hoppas was on said day appointed guardian of his person and estate; that on and prior to August 13, 1938, William E. Hoppas was the owner in fee simple of a certain 200-acre tract of land, and on August 13, 1938, one B. S. Bowman procured from William E. Hoppas, without any consideration therefor, a warranty deed to said 200 acres; that said deed to Bowman was filed of record September 30, 1938, and a copy is attached to the petition; that William E. Hoppas during his lifetime has never been capable of comprehending the nature and value of his property, nor has he at any time been capable of transacting ordinary business; that on August 13, 1938, he was not possessed of sufficient mind to understand, in a reasonable manner, the nature and effect of a deed or other legal instrument relating to the ownership, control, or disposition of real estate; that the plaintiff as guardian of William E. Hoppas expressly disaffirms said deed of August 13, 1938, and all other contracts or agreements between William E. Hoppas and B. S. Bowman or the defendants for the reason that William E. Hoppas has always been an incompetent person of unsound mind, and such fact was known to B. S. Bowman at the time of procuring said deed; that Bowman is deceased and his only heirs are the defendants;

that since the date of the deed, August 13, 1938, B. S. Bowman and the defendants have collected rents and profits from said 200 acres; that the plaintiff as guardian of William E. Hoppas is now in possession of said real estate and claims ownership of said property as guardian for said William E. Hoppas. The prayer of the petition was that the deed be declared void and the title quieted.

Defendants' answer, among other things, admits plaintiff's capacity as guardian for William E. Hoppas, the execution of the deed on August 13, 1938, that B. S. Bowman is now deceased, with the defendants as his only heirs, and that they have received rents from the 200 acres since the conveyance by William E. Hoppas to B. S. Bowman. The answer denies the conveyance was without consideration and alleges it was made for value. Defendants then allege that on September 15, 1933, William E. Hoppas made, executed and delivered to the Dresden State Bank, of which B. S. Bowman was then cashier and acting manager, his promissory note for $2,500 due in three years with interest at seven percent from date, secured by a real estate mortgage on the 200 acres of land; that the mortgage was duly filed of record on September 27, 1933; that William E. Hoppas defaulted in the payment of interest on the note and mortgage, and in the payment of taxes, and on August 13, 1938, executed and delivered the deed to the 200 acres of land to B. S. Bowman, who paid the Dresden State Bank the principal and interest due on said note and paid the back taxes due from 1933 to 1937; that thereupon all evidence of the debt of William E. Hoppas to the Dresden State Bank was extinguished and canceled; that William E. Hoppas continued to occupy and farm the said 200 acres as the tenant of B. S. Bowman, and paid rent therefor to B. S. Bowman until his death on December 31, 1945, and thereafter paid rent to the defendants; that on September 30, 1938, the Dresden State Bank gave William E. Hoppas a receipt for the $2,500 in full satisfaction of the mortgage. It is further alleged that William E. Hoppas has retained the $2,500 all this time and that neither he nor any other person acting for him has ever offered restitution. The answer then alleged all the details of the administration of the estate of B. S. Bowman in the probate court of Decatur county, which was concluded with the making of the final settlement on January 18, 1947; that plaintiff's claim was properly one against the estate of B. S. Bowman, but that no claim was made during the process of administration of that estate, and it is now barred; that

the district court of Decatur county is now without jurisdiction to determine plaintiff's claim.

Plaintiff replied by alleging that the mortgage of September 15, 1933, referred to in defendants' answer, was null and void because of the incompetency of William E. Hoppas, and that such fact was known to the Dresden State Bank and to B. S. Bowman on September 15, 1933, and for a long time prior thereto; that there was no consideration for the mortgage; that if B. S. Bowman obtained the deed as alleged in the answer, it is void as against public policy.

Upon the aforesaid pleadings, the case came on for trial and the parties entered into the following stipulation:

"Thereupon it was stipulated by counsel for both plaintiff and defendants, that for the purpose of argument and determination of the question of jurisdiction, that the allegations of the incompetency of William E. Hoppas contained in plaintiff's petition and the allegations concerning the knowledge of said incompetency by B. S. Bowman at and before the time of obtaining a deed from said William E. Hoppas, as alleged in plaintiff's petition, were true. It also being stipulated for the same purpose of argument and determination of the question of jurisdiction, that the allegations of defendants' answer that B. S. Bowman was dead and that the estate of said B. S. Bowman had been duly probated and closed, were true."

The district court then, upon the pleadings and the stipulation, determined that it did not have jurisdiction of the subject matter of the controversy and dismissed plaintiff's action. Plaintiff appeals.

We omit any reference to the several pretrial motions and applications, the court's rulings thereon, and the motion for new trial, because they are all immaterial to a determination of the law question involved here.

Appellant cites persuasive authority for the general proposition that a deed procured without consideration from an incompetent person by one who knew of his disability, is void. However, the circumstances of the instant case make the question considerably more involved than as just stated. Be that as it may, the question before us is not whether the deed may have been void, but rather it is a question of what is the proper forum to determine its validity.

Here a grantor is challenging the validity of his warranty deed executed and delivered to a grantee since deceased. The grantee had promptly recorded the deed, and for more than seven years prior to his death, had exercised dominion and control over the real estate, and had received rents and profits from it. Upon grantee's death, his estate and his heirs exercised the same control over it for another

two and a half years until grantor sought to challenge the validity of his deed by an action in the district court commenced some seventeen months after the estate of the grantee had been closed. Since the enactment of the probate code (1939), a grantor who challenges the validity of his warranty deed executed and delivered by him under all these circumstances, must institute his proceeding to challenge such deed in the probate court where the estate of the deceased grantee is being administered in the manner and within the time prescribed by the code. Otherwise a judgment of the probate court decreeing the deceased grantee to be the owner of such real estate, and decreeing it to be a part of the assets of the decedent's estate, must be construed as decisive of the rights of the parties under the instrument of conveyance and to preclude the grantor (even though an incompetent) from thereafter challenging its validity. Should it be suggested that insufficient emphasis has been placed upon the fact of grantor's incompetency, we call attention to a change made by the legislature of 1939 in the enactment of the new probate code. The words "saving to infants, persons of unsound mind . . ." in the old code (section 22-702, G. S. 1935) were eliminated from the new probate code (section 59-2239, G. S. 1947 Supp.).

Under the circumstances narrated above, all indicia of title was in B. S. Bowman on the date of his death, by the acts of the grantor himself; and, having created that situation, it was necessary that the grantor take some affirmative action to challenge his deed to Bowman either prior to Bowman's death or in the Bowman estate while it was being administered in the probate court. Upon the death of B. S. Bowman, the probate court was the proper forum to determine the validity of the warranty deed of August 13, 1938, from Hoppas to Bowman. The 200 acre tract was assigned to the devisees by order of the probate court. So that court did, in effect, determine the validity of the deed, and the final settlement made on January 18, 1947, is now conclusive. That judgment was not challenged by this appellant until the instant action was filed in the district court some seventeen months later. The decree of the probate court was final, and the action in the district court was properly dismissed.

The judgment is affirmed.