### No. 37,918

In the matter of the Estate of John West, also known as Jno. West, Deceased; ORA WEST, Administrator, *Appellant,* v. JOHN E. WEST, et al., *Appellees.*

(219 P. 2d 418)

448

Opinion filed June 10, 1950.

*Roy N. McCue,* of Topeka, argued the cause, and *Max Jones,* and *Charles G. Dockhorn,* both of Goodland, and *Howard F. McCue,* of Topeka, were with him on the briefs for the appellant.

*E. E. Kite,* of St. Francis, was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This appeal arises from a ruling on a demurrer to a single pleading entitled "Objections to the Petition for Final Settlement and Petition for Appointment of Special Administrator," which was originally filed in the probate court. For convenience the pleading will be referred to as the objectors' petition.

John West, a resident of Sherman County, died intestate and on March 29, 1947, his nephew Ora West was duly appointed and qualified as the administrator of his estate. Notice of appointment was first published on April 3, 1947. Later he filed an inventory listing, among other assets, the following real estate: The southeast quarter of section 10, township 9, range 39, and the southeast quarter of section 39, township 9, range 39, in Sherman county, Kansas. On April 17, 1948, the administrator filed his petition for final settlement, which the probate court set for hearing on May 15, 1948. Due notice of the hearing was given.

On May 14, 1948, John E. West and Lawrence E. West, for the benefit of themselves and all of the heirs of the decedent filed the objectors' petition in which they alleged they were heirs of· the decedent, and that decedent at the time of his death left as a part of his estate not only the real estate described in the inventory but also five quarter sections of real estate which were not included; that the administrator had filed a petition for final settlement without full administration being had and the heirs objected to final settlement before all of the assets had been collected; that the

administrator was personally interested in property belonging to the estate and adversely to the estate and was disqualified to take any further action or be continued longer in his official position of administrator; that the administrator had failed to include the five quarter sections of real estate for the reason that he and members of his family claimed adversely to the estate and that he and his children owned said real estate, following which was a detailed statement as to the tracts claimed by the administrator and each of his children by reason of deeds recorded May 7, 1947. It was then alleged that decedent had a safety deposit box in a named bank and after his death the administrator and others procured the key and found therein an envelope marked "Don't open until after death," and in the envelope were found deeds purporting to convey the five quarter sections to the administrator and his children; that the purported deeds were in possession and under control of the decedent at the time of his death and had never been delivered to any one of the named grantees or to anyone else for them and that the deeds were void and of no effect and did not constitute valid conveyances; that because of the above, the administrator was making no effort to have the purported deeds set aside or the lands therein described made a part of decedent's estate, and in that respect was failing to perform the duties and obligations required of him by law, and the objectors opposed a final settlement until it was finally determined by a court of competent jurisdiction whether or not the five quarter sections, and the rents therefrom, were a part of the decedent's estate. Further allegations as to the administrator's incapacity to perform his duties and that some other suitable, competent and qualified person should be appointed to collect all of the assets of the estate and reduce the same to possession, and for final settlement need not be further detailed. The gist of the prayer was that Ora West be dismissed and discharged as administrator for failure to fully and faithfully discharge his duties; that a special or general administrator be appointed, and that he be directed and ordered to bring actions to set aside the deeds above mentioned and do all other things requisite and proper to recover the assets of the estate.

On May 15, 1948, and on the day set for the hearing of the petition for final settlement of Ora West as administrator and at a time when he was present, the objectors' petition above outlined was heard and denied in the probate court, following which the objectors

perfected their appeal to the district court. In the district court, Ora West, as administrator, moved the court for a dismissal of the appeal, and that motion being denied, the administrator attempted to appeal to this court. We dismissed that appeal for the reason the overruling by the district court of a motion to dismiss an appeal from the probate court was not a final order. See *In re Estate of West*, 167 Kan. 94, 204 P. 2d 729.

Thereafter, in the district court, the administrator filed his demurrer to the objectors' petition on five grounds: (1) That the district court had no jurisdiction of the subject matter. (2) That facts sufficient to state a defense to the petition for final settlement were not stated. (3) That the petition for appoinment of a special administrator did not state sufficient grounds therefor. (4) That the objections stated are in the form of a claim and are barred by the nonclaim statutes. (5) That no notice of the hearing of the petition was ever given to the persons entitled. This demurrer was heard and denied, and from that ruling the administrator has appealed to this court, where the questions involved are stated as in the demurrer.

In his brief appellant discusses grounds 1, 2 and 4 together. Directing attention to the fact that he was appointed administrator on March 29, 1947, and that he gave notice of his appointment on April 3, 1947, he argues that the objectors' petition constituted a claim against the estate and not having been filed within nine months, it was barred by reason of G. S. 1947 Supp. 59-2239.

In support of his contention that the statute of nonclaim has run, appellant directs our attention to the five cases next mentioned. In *Felton v. Rubow*, 163 Kan. 82, 179 P. 2d 935, administration had been commenced on the estate of Rubow in the probate court, the inventory filed listing no real estate. Ignoring the probate court, the daughter brought an action in the district court for partition of real estate allegedly belonging to the decedent. The district court held it was without jurisdiction and dismissed the action, and on appeal to this court the ruling was affirmed. In that case it was said that if anyone thinks property has been omitted from the inventory he may file a petition for disclosure (G. S. 1947 Supp. 59-2216) and have a hearing thereon. Reference to the statute mentioned will show no limitation of time when such a petition may be filed.

In *Houdashelt v. Sweet*, 163 Kan. 97, 180 P. 2d 604, it appeared that Asbery Houdashelt died, that an administrator was appointed

for his estate, who filed an inventory listing no real estate, and that subsequently the estate was closed. Thereafter certain heirs brought an action in the district court against another heir to set aside a deed made by the decedent, for reasons set forth in the opinion, and to have partition of the real estate. The defendant's demurrer challenging the jurisdiction was sustained and on appeal that ruling was affirmed. Appellant here says that the facts of that case are very similar to those presently involved. The similarity is more apparent than real, for in the case before us the estate had not been closed and the proceeding was in the probate court and not by independent action in the district court. In that case it was said that before the plaintiffs could acquire a part of the land, they had to dispose of the deed, and that the probate court had exclusive jurisdiction to determine the validity of any contention that was necessary to make a just and proper distribution of the decedent's estate except where the probate code expressly provides otherwise, and that the case was not one in which an heir might by mere operation of law and without action on his part acquire his distributive share under the law of intestate succession, in which case there would be no need of filing a claim or demand, but was one where the plaintiffs were obliged to set aside the deed to land which was an asset of the decedent's estate before they could hope to be decreed distributive shares as heirs at law. That case involved no question of the nonclaim provision of the probate code.

In *In re Estate of Thompson*, 164 Kan. 518, 190 P. 2d 879, the action was instituted in the district court by an executor to compel specific performance of a contract for the sale of real estate and division of the proceeds from the sale. Defendants contended that since the contract involved title to real estate, the proceeding should have been commenced in the probate court, a contention denied in the trial court and on the appeal by this court. In that opinion is an exhaustive review of our decisions dealing with a general classification of cases wherein the effort was to get something out of the estate and of cases where an administrator or executor sought to bring property into the estate, and reference is made thereto. It was held the action was of the latter class. There was no question as to the nonclaim provision of the probate code.

In *Gebers v. Marquart*, 166 Kan. 604, 203 P. 2d 125, the plaintiff commenced an action in the district court to set aside deeds executed by a decedent to his daughter in his lifetime, and for partition of the involved real estate. Defendants' demurrer, that the court was

without jurisdiction, was sustained and on appeal to this court the ruling was affirmed, it being held that:

"An action by some of the heirs at law of a deceased person to set aside a deed from the decedent to another of his heirs at law which conveyed a fee simple title to the grantee therein named is tantamount to a claim or demand to a portion of such decedent's estate and as such must be filed in the probate court within the time specified in G. S. 1947 Supp. 59-2239." (Syl. ¶ 2.)

It is noted, however, that by reason of the action's having been filed in the wrong court there was no question as to the nonclaim provision of the probate code.

Appellant also makes a reference to *Hoppas v. Bowman,* 167 Kan. 761, 207 P. 2d 950, but does not point out wherein he believes it decisive here. The action there was one commenced in the district court by the guardian of the grantor and against the heirs of the deceased grantee, to cancel a deed and to quiet title in the plaintiff. The answer alleged administration had been had on the estate of the deceased grantee and that no claim had been made against his estate and was then barred and that the district court was without jurisdiction to determine the plaintiff's claim. The district court ruled it was without jurisdiction and on appeal this court affirmed. That opinion is not presently in point on any question of nonclaim.

Neither party directs attention to *Wright v. Rogers,* 167 Kan. 297, 205 P. 2d 1010, although it covers another phase of the matters discussed in the cases relied on by the appellant. In that case the action was one to enforce a trust relating to real estate. The defendants filed a motion to dismiss for the reason the district court had no jurisdiction of the subject matter. That motion, treated as a demurrer, was denied and upon appeal this court reversed with instructions to dismiss. Reference is made to the opinion for details, but it was alleged in substance that May Wright, then in an enfeebled condition, and under circumtances amounting to a confidential relation, was induced by their representations to convey real estate to the defendants, who held the same in trust for her or her heirs at law after her death. This court said that since the parent case of *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438, this court, in interpreting the probate code enacted in 1939, has held that probate courts have exclusive original jurisdiction over all matters incident and ancillary to the settlement of estates of deceased persons except where such code otherwise expressly provides, and that any attempt to bring back into an estate lands which had been conveyed by a decedent in his lifetime and of which he was not in possession

at the date of his death, must be initiated in the probate court. Not because it is decisive, but because of analogies to be drawn therefrom, we note the following statement from the opinion:

"It is true that in some of our decisions (e. g., *Houdashelt v. Sweet,* 163 Kan. 97, 180 P. 2d 604, and *Gebers v. Marquart,* 166 Kan. 604, 203 P. 2d 125), in order to uphold the purposes of the probate code and plain legislative intent in its enactment to unify administration and expedite the closing of estates, we have held that an action by heirs-at-law to set aside a deed, containing no limitations or restrictions, from a decedent to another of his heirs-at-law on grounds of fraud, where that instrument has been placed of record and the claiming heirs knew or in law were bound to know of the conveyance, is tantamount to a claim or demand to a portion of the decedent's estate and must be filed in the probate court within the time specified in the nonclaim section of the code (G. S. 1947 Supp. 59-2239). Even so, the decisions above cited, and others not mentioned but susceptible of the same construction, do not go to the extent or have the force and effect indicated by appellees. In the interest of clarity we feel impelled to point out that none of them goes so far as to hold, that where assets of an estate with or without administration and absent knowledge express or implied on the part of heirs-at-law, have been fraudulently concealed and secreted or for any other reason have escaped administration because not known to be a part of the assets of an estate, there cannot be an opening up of administration proceedings in an estate that has been administered and closed or administration of an estate on which there has been no administration at all to the end that all assets thereof can be ascertained and determined. This notwithstanding there has been no administration of the involved decedent's estate within one year after the date of his death." (l. c. 302.)

We think it clear under the above decisions that the objectors' petition was properly filed in the estate proceedings pending in the probate court and, ignoring for the moment ground 3 of the demurrer which will be discussed later, that in view of the appeal the district court had jurisdiction of the subject matter. We think it clear also that, subject to whether or not the objectors' petition constituted a claim which was barred, and which is next discussed, the objectors' petition stated facts sufficient to constitute a defense to the petition for a final settlement. The question remaining for discussion is whether the objectors' petition constituted a claim against the estate which was barred by the statute of nonclaim (G. S. 1947 Supp. 59-2239). In presenting this last question, appellant treats the objectors' petition as though the only purpose was to present an issue as to whether the five quarter sections of land were part and parcel of the decedent's estate and whether the assertion by the petitioners that they were, constituted a claim that must have been presented within nine months from the date of the publication of notice to

creditors. Without discussing whether that method of division of the issue presented by the objectors' petition is permissible, we proceed directly to an answer to the contention as presented.

In view of the fact the objectors' petition was attacked by demurrer, the allegations of fact therein are assumed to be true. Under those allegations certain facts exist which present a situation not discussed in any of our decisions relied on by the appellant or appellees nor disclosed by our research.

At the time of the death of the decedent he had title and possession of the five quarters of real estate involved, and at that time he had not delivered any deed to any person for any part of the real estate. Any correct inventory of his estate then made would have included the real estate. As of the date of death of the decedent no heir needed to make any assertion that he was entitled to a distributive share of the entire estate in order that he might inherit. After the decedent's death, the administrator, having access to the decedent's safety deposit box, found the envelope containing deeds which had never been delivered, and almost three months after decedent's death caused the deeds to be made a matter of record. At an undisclosed date the administrator filed an inventory in which the real estate described in those deeds was not included. It is obvious that if the situation above disclosed might be said to have given rise to a "claim," such a "claim" did not exist at the date of decedent's death nor until after the deeds had been recorded and the inventory filed. The statutory notice of appointment of the administrator was first published on April 3, 1947. Under the statute that was a notice to the creditors to exhibit their demands within nine months (G. S. 1947 Supp. 59-2236). At the time of this publication the appellees were not creditors in any sense of the term nor does the record disclose they had any demand of any kind or character against the estate.

Appellant argues however that what appellees now seek is to have the real estate included in the assets of the estate in order that they may share in the distribution thereof and that the effect is a claim or demand which was not timely asserted. Appellees argue, in effect, that what they seek and are entitled to have, is a full and complete administration of the estate; that until all of the assets are collected, there can be no final settlement, and that although the effect if they prevail may increase their share of the estate, they are seeking to bring something into the estate. There may be good reason for holding that had the decedent conveyed the real estate in his lifetime

to a grantee who had placed his deed of record, any person otherwise entitled to inherit and contending that the deed was fraudulent or void must make timely assertion in the probate court in the decedent's estate or be barred, a question not presently before us, but that reason ought not and will not be recognized as applying to the facts of the instant case. In our opinion, limited to the contention being discussed, the purpose of the objectors' petition was to bring assets of the estate, concededly a part of the estate on the death of the decedent, into possession and for administration, and is not to be denominated as a claim or demand which must be asserted within nine months as provided in the nonclaim statute. Although it has been stated in some of our decisions that an object of the probate code is to provide for a speedy determination of the assets and liabilities of an estate so that it may be settled and a distribution made to the beneficiaries, it is of primary importance that all of the assets be collected and reduced to possession for such distribution and a contention by a beneficiary that all assets have not been collected ought not to be held barred in the absence of a specific statutory provision to that effect.

Another reason for holding the objectors' petition as not too late is the language of the probate code providing for final settlement. Under G. S. 1947 Supp. 59-2247 the administrator must file his petition for final settlement which shall contain: "(1) A statement of the account;" and "(3) a description of the real estate and the interest of the decedent therein at the time of his death." Under 59-2249 on the hearing of that petition the administrator may be examined relative to the account and the distribution of the estate, an indication there is no finality as to all matters simply because nine months have passed since publication of notice of appointment of the administrator.

Furthermore, it may be questioned whether an administrator charged with dereliction of his official duty, may raise the statutes of limitation of action where the effort is to inquire into that dereliction. That question is not briefed and will not be discussed.

With reference to ground 3 of the demurrer, we are of the opinion however that the objectors' petition of the appellees goes further than a mere effort to bring assets into the estate. It clearly appears that objection is made to final settlement for the reason the administrator was remiss in his duty and, because of his personal interest as a grantee in one of the deeds, has failed to institute an action in the proper court to have all of the unlawfully delivered deeds de-

clared void and of no effect. Appellees are entitled to be heard on the issue thus presented.

Under ground 5 of his demurrer appellant contends that under G. S. 1947 Supp. 59-2401 there could be no appeal to the district court from the order of the probate court. That section of the statute provides for appeals to the district court from "(2) An order appointing, or refusing to appoint, or removing or refusing to remove, a fiduciary *other than a special administrator*" (emphasis supplied). Appellant stresses a part of the prayer for appointment of a special administrator, and urges that no appeal may be taken from the order of the probate court. The allegations of the objectors' petition are for discharge and removal of the administrator and for appointment of a "special or general administrator" and the prayer is to that effect. If the present administrator should be discharged by the probate court for dereliction of duty, his successor would be a general and not a special administrator. Such an order would be appealable. It would likewise be appealable if the relief sought were denied. The contention cannot be sustained.

A further contention of the appellant is that no appeal lay from the order of the probate court to the district court for the reason the record does not disclose that notice was given to the administrator of the hearing of the objectors' petition. We shall not discuss this complaint at length, nor whether any notice was required. The objectors' petition was heard on the day fixed for the hearing of the final settlement, and the record discloses that the administrator was present. If he made any objection the record does not disclose it. If it be assumed that any notice to the administrator was necessary, it was only to advise him to be present. He was present. The contention is not good.

The ruling of the trial court on the administrator's demurrer was correct and is sustained.