No. 38,005

In the Matter of the Estate of May Wright, Deceased. CHARLES SPEAR and EARL DEAN SPEAR, both minors, by G. C. Spear, their father, natural guardian and next friend, *Appellants*, v. IANTH WRIGHT ROGERS, *Appellee*.

(227 P. 2d 131)

Opinion filed January 27, 1951.

*Wallace T. Wolfe*, of Oberlin, argued the cause, and *F. J. Schroeder*, of Curtis, Nebraska, was with him on the briefs for the appellants.

*L. F. Cushenbery*, of Oberlin, argued the cause, and *John M. Bremer*, of Oberlin, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal involves the right to have an administrator appointed under the circumstances later set forth.

On August 11, 1949, Charles Spear and Earl Dean Spear, minors, by their father and next friend, filed their petition in the probate court of Decatur county, in which they set out their minority and residence; that May Wright, a resident of Decatur county, died October 19, 1946, leaving surviving her Ianth Wright Rogers, a daughter, the petitioners and other named children and grandchildren as her heirs; that May Wright was possessed of a bank account of $700 and the equitable title to certain described real estate of the probable value of $28,800; and that the appointment of an administrator was necessary for the conservation, care, collection and administration of the assets of her estate according to law. Petitioners also alleged that they did not know until about January

1, 1949, that the interest of May Wright in and to the real estate described was a part of the assets of her estate, for which reason the same had escaped administration. They prayed that the probate court set a time and place of hearing, order notice to be given, and upon hearing appoint Ernest T. Wright, one of the heirs, as administrator.

To the above petition Ianth Wright Rogers filed a demurrer, a pleading not recognized by the probate code. (See *In re Estate of Fast*, 170 Kan. 352, 225 P. 2d 1056.) The probate court sustained this demurrer and further found that by reason of such ruling administration could not be had. It further found that appointment of an administrator should be refused and the prayer of the petition denied. In due time the petitioners appealed to the district court.

After the appeal reached the district court Ianth Wright Rogers filed in that court an answer in which she alleged that at one time May Wright had a bank account of $700 but that it had been distributed to her heirs at law and accepted by them. She then alleged that May Wright had no interest in any land at the time of her death; that on December 1, 1939, May Wright had sold the land to her son-in-law Leo J. Rogers, and that the deed to him was recorded March 19, 1943. Then follow allegations concerning an action by Ernest T. Wright against Ianth Wright Rogers, which on appeal reached the supreme court and that the decision therein wholly bars the petitioners (see *Wright v. Rogers*, infra). It was further alleged that the petition for administration showed on its face that the court had no jurisdiction of the subject of the action and did not state facts sufficient to constitute a cause of action.

The petitioners filed a lengthy reply, the allegations of which are summarized. After denying generally the allegations of the answer, they admitted that the $700 bank account had been distributed and alleged that the interest of May Wright in the described real estate arose out of the estate of her husband; that prior to his death the real estate had been mortgaged to the Federal Land Bank and the Land Bank Commissioner; that at the time of her husband's death in 1939 May Wright was in failing health and unable to farm the lands and her financial condition was such that it was difficult to pay taxes and installments of principal and interest on the mortgages, the rents for 1938 and 1939 being insufficient therefor. That on December 1, 1939, Leo J. Rogers, husband of Ianth Wright Rogers, represented to May Wright that he had funds and at the

instance and request of Ianth Wright Rogers and Leo J. Rogers, May Wright executed a quit claim deed to Leo J. Rogers and delivered it to him upon agreement, understanding and conditions: (1) That Leo J. Rogers and Ianth Rogers would advance from their own funds and pay such sums as May Wright could not pay on the taxes, principal and interest on the lands, and May Wright would become indebted to the Rogers for such advancements, the same to be repaid from the rents and profits of the real estate or from the proceeds of its sale, if necessary. (2) That upon the advancement being repaid the Rogers would convey the property to May Wright or to those persons who would be her heirs at law should she be deceased at the time of such repayment. (3) That the deed from May Wright to Leo J. Rogers was made and delivered for the purpose of securing to Leo J. Rogers and Ianth Wright Rogers such sums as the Rogers should advance for May Wright, and it was the intent that such instrument was in fact a mortgage although in form a deed. It was also alleged that Leo J. Rogers withheld the deed from record until March 19, 1943; that at the time of its execution and delivery the value of the land conveyed was greatly in excess of the indebtedness and that since that time and since the recording of the deed the value of the land has increased and now is greatly in excess of any indebtedness from May Wright to the Rogers; that on March 13, 1943, Leo J. Rogers executed a quit claim deed for the described lands to his wife Ianth Wright Rogers, and at that time Ianth Wright Rogers well knew all of the facts and had complete notice that the deed to Leo J. Rogers was only a mortgage and his conveyance to her was nothing more than an assignment to her. It was further alleged that after the delivery of the deed to Leo J. Rogers, he and Ianth Wright Rogers paid certain sums, the installments of principal and interest on the above mentioned mortgage, taxes and operating expense, but that petitioners are unable to ascertained the amounts so paid and the Rogers should be compelled to show to the court the exact sums as have been paid by them and which are secured by the deed as a mortgage. After denying that the action of Wright v. Rogers, above mentioned, determined matters presently in issue, the petitioners prayed they have judgment according to the prayer of their petition.

Ianth Wright Rogers demurred to the reply for the reason that the reply, together with the petition, showed on its face that the court had no jurisdiction of the subject of the action; that the

petition and reply do not state facts sufficient to constitute a cause of action and for the further reason the petitions are barred by G. S. 1947 Supp. 59-2239 and by the general statute of limitations of the State of Kansas. The trial court, without specifying any of the grounds stated therein, sustained the demurrer and the petitioners perfected their appeal to this court.

Before taking up for consideration the contentions of the appellants and appellee, we note that under our probate code (G. S. 1947 Supp. Ch. 59) any person interested in an estate after the death of an intestate, may petition for administration of the decedent's estate (59-2221) and that such a petition must state the name, residence and date and place of death of the decedent, the names, ages, residences and addresses of the heirs of the decedent so far as known or can with reasonable diligence be ascertained, the general character and probable value of the real and personal property, and the name, residence and address of the person for whom the letters are prayed (59-2219). Although all such allegations are not fully stated in our review of the petition, it may be said the petition met the statutory requirement. There being no contention that statutory requirements as to notice of hearing were not met, we do not review them. The answer of Ianth Wright Rogers and the reply of the petitioners thereto contain allegations making an issue as to what constitutes the assets of the estate. It has been held that upon the hearing of a petition for appointment of an administrator disputed questions as to what constitutes assets are premature. See *In re Estate of Brasfield*, 168 Kan. 376, Syl. ¶ 4, 214 P. 2d 305, which was an intestate estate. For an analogous holding see *In re Estate of Osborn*, 167 Kan. 656, 208 P. 2d 257, a testate estate where the question was what was for consideration on a petition for probate of a will. And we therefore look no further than to see whether the petition alleges the existence of assets for administration, and it does, and that the reply does not negative that allegation, and it does not.

In our review of the allegations of the petition it was stated that petitioners were minors and that they did not discover until January 1, 1949, (less than one year preceding filing of the petition) that the interest of May Wright in the real estate was an asset of her estate. Appellants direct attention to language in *Wright v. Rogers*, infra, page 302, to the effect that it does not follow, because of G. S. 1947 Supp. 59-2250, that there are no circumstances under which

heirs of a decedent can protect their right in the property of a deceased ancestor if they have failed to have his estate administered within a year, and where the question of administering assets which have escaped administration is discussed. Appellants seem to contend that minority creats an exception. Appellee directs attention to *Hoppas v. Bowman,* 167 Kan. 761, 207 P. 2d 950, where the question of omission in the new code of the words found in the old code "saving to infants" etc. was noticed. Because an answer to these contentions is not decisive here, we shall not comment further on the effect of the allegations as to minority.

On the assumption that appellants by their petition for administration are seeking to recover a portion of the estate of May Wright, deceased, appellee contends the matter was settled by our decision in *Wright v. Rogers,* 167 Kan. 297, 205 P. 2d 1010. It is true that in that case the real estate belonging to May Wright was involved but that action was one commenced in the district court after the death of May Wright to set aside a deed made by her in her lifetime as result of fraud. This court held the district court was without jurisdiction and directed dismissal of the action. *Wright v. Rogers* does not determine the present appeal.

The real question is whether the petitioners may maintain a proceeding for the appointment of an administrator after one year after the death of the decedent.

In support of their contention that appellants waited too long, appellees direct our attention to *Jardon v. Price,* 163 Kan. 294, 297, 181 P. 2d 469, where it was said:

"Anyone having a claim against a decedent's estate, whether it be for money or to a portion of his estate, is obliged to have an administrator appointed within one year after decedent's death in order that his claim may be asserted within the time prescribed by the code." (citing cases.)

In the cited case an action was commenced in the district court to determine interests in lands, to have the lands partitioned and to set off against the interests of defendants a claim for money alleged to be due on notes, in which it was sought to have adjudicated claims represented by notes made by a deceased person whose estate had not been administered, all as more fully set forth in that opinion. The excerpt quoted above is from a paragraph dealing with the duties of creditors, and is applicable to the case at bar if it be concluded that the appellant petitioners are asserting rights other than as heirs entitled to a distributive share of the estate of May Wright.

Appellants direct attention to the first syllabus in *Wright v. Rogers,* supra, that the conveying instrument (the same deed as is here involved) amounted to nothing more than an equitable mortgage, and to *Down v. Austenfeld,* 162 Kan. 562, 178 P. 2d 201, an action originally commenced in the district court and where the statement of facts shows that administration was commenced over a year after the death. As has been previously pointed out, we are not now concerned with disputes as to assets, nor do we think that *Wright v. Rogers,* supra, is decisive on that feature. In *Down v. Austenfeld,* supra, the question as to when an administrator could be appointed was not an issue and was not decided.

When the trial court ruled on the demurrer, and when counsel filed their briefs in the present appeal, our opinion in *In re Estate of West,* 169 Kan. 447, 219 P. 2d 418, had not been filed. Although the factual situation differed from the case at bar, the analogies of the case are persuasive. In the West case an administrator had been appointed and after a year had filed his petition for final settlement. Certain heirs then filed objections to the final settlement, alleging in part there were uninventoried and unadministered assets consisting of lands included in deeds not delivered by the decedent in his lifetime; that the administrator was making no effort to reduce those assets to possession and to administer the same; and that he should be removed and a new administrator appointed. Reference is made to the opinion for a complete statement of the pleaded facts. Among other things considered was a contention that the objections to the final settlement constituted a claim and that the claim was barred by reason of the failure to file it within nine months as required by G. S. 1947 Supp. 59-2239, a contention not allowed. In part, this court said:

"Appellant argues however that what appellees now seek is to have the real estate included in the assets of the estate in order that they may share in the distribution thereof and that the effect is a claim or demand which was not timely asserted. Appellees argue, in effect, that what they seek and are entitled to have, is a full and complete administration of the estate; that until all of the assets are collected, there can be no final settlement, and that although the effect if they prevail may increase their share of the estate, they are seeking to bring something into the estate. There may be good reason for holding that had the decedent conveyed the real estate in his lifetime to a grantee who had placed his deed of record, any person otherwise entitled to inherit and contending that the deed was fraudulent or void must make timely assertion in the probate court in the decedent's estate or be barred, a question not presently before us, but that reason ought not and

will not be recognized as applying to the facts of the instant case. In our opinion, limited to the contention being discussed, the purpose of the objectors' petition was to bring assets of the estate, concededly a part of the estate on the death of the decedent, into possession and for administration, and is not to be denominated as a claim or demand which must be asserted within nine months as provided in the nonclaim statute. Although it has been stated in some of our decisions that an object of the probate code is to provide for a speedy determination of the assets and liabilities of an estate so that it may be settled and a distribution made to the beneficiaries, it is of primary importance that all of the assets be collected and reduced to possession for such distribution and a contention by a beneficiary that all assets have not been collected ought not to be held barred in the absence of a specific statutory provision to that effect." (l. c. 454.)

In our opinion, in view of the pleadings, it may not be said that merely because petitioners may share in the distribution of unadministered assets, that an assertion by them there are such assets constitutes a claim against the decedent's estate that becomes barred if not filed within nine months under the provisions of the nonclaim section of the probate code. The facts pleaded by the petitioners are for our purposes admitted, and they include an admission that May Wright, one time full owner of the lands in question, executed her deed to Leo J. Rogers as security for advances to be made by him and Ianth Wright Rogers, his wife, and in effect that the deed was a mortgage and that May Wright at the time of her death held the equitable title. There is no pleading of any fraud in the procuring of the deed, nor is there any effort being made to set that deed aside. On the contrary, it is relied upon as a part of the entire facts showing the agreement for the creation of a debt and for securing its payment. Whether these facts may ultimately be proved is not our present question. What we determine from the pleadings is that there are assets which have not been administered. There is no provision of the probate code fixing a limitation on the time an heir may apply for administration of any estate in which he has an interest. The legislature has seen fit to make a provision fixing the time in which creditors must apply for administration ( G. S. 1947 Supp. 59-2239) fixing the time for probate of a written will (59-617 and 618) and for the probate of an oral will (59-619) and had it intended any limitation on an heir seeking administration of an estate in which he had an interest it could have done so. It seems significant that it did not do so.

Appellants also present some argument as to whether they may be barred under some section of the code of civil procedure. We

shall limit our discussion to saying that it does not appear from the face of their petition or reply that their action is barred. If there is any such defense, it must be pleaded and proved.

The ruling of the district court is reversed and the cause is remanded with instructions that it overrule the demurrer and remand the proceeding to the probate court with instructions to that court to appoint an administrator.