Schroeder, J.:
As heir-at-law of Earlene F. Brenner, Beverly Goodman petitioned for administration of her mothers estate more than 6 months after the date of her death, alleging there were assets to be marshaled and administered. Beverly’s brother, Danny Brenner, objected to the petition claiming there were no assets in the estate and that Beverly’s petition was really a claim against the estate barred by the 6-month nonclaims statute, K.S.A. 59-2239. The district court granted Danny’s motion to dismiss finding there *72 were no substantial assets subject to administration. On appeal, we treat Danny’s motion to dismiss as a motion for summary judgment and find there are material facts at issue—whether there are assets owned by Brenner subject to administration—and reverse the district courts decision to deny Beverly’s petition for administration. Reversed and remanded with directions.
Facts
Brenner died on January 26, 2014, and was survived by three adult children, Danny, Darrel, and Beverly. Danny lived in Good-land, and Darrel and Beverly were residents of Arizona. On August 18, 2014, Beverly filed a petition for issuance of letters of administration. She alleged Brenner died intestate and the value of her estate was estimated at $100,000 for real estate with probable income of $4,000 and also personal property estimated at $140,000. She claimed her appointment as administrator was necessary for the collection, conservation, and administration of the estate.
Danny objected to the issuance of letters of administration. He claimed Beverly’s petition was, in essence, a claim against the estate and barred by the 6-month nonclaim statute of limitation. Danny also argued Brenner’s estate did not have any substantial assets because the Texas real estate had been deeded to him approximately 3 years prior to Brenner’s death, and the remaining bank accounts had passed to him pursuant to payable-on-death designations set up approximately 3 years earlier. Danny claimed that after their mother’s death, by agreement, the three heirs divided and distributed the remaining tangible personal property held in storage.
The district court set the matter for hearing. Danny explained that after Brenner’s death, the heirs had discussed the actions taken during Brenner’s lifetime in order to avoid the formal probate process through pre-death transfers and payable on death accounts, thus, leaving minimal assets to distribute. Danny’s district court brief claimed: “While Darrell and Beverly expressed some level of frustration with the fact that Dan Brenner was a primary beneficiary of non-probate transfers, they seemingly acknowledged the closer relationship between Dan and his mother and did not express any intent to challenge the non-probate transfers.’’
*73 Beverly countered her petition for administration was not statutorily barred because a claim is a creditor demand for payment of the debts of the decedent, whereas a petition for issuance of letters of administration is filed to open administration of the decedent’s estate. Beverly stated she was not a creditor and the 6-month nonclaim statute did not apply. She argued there was no statute of limitations against filing a petition for issuance of letters of administration if the petitioner is not a creditor attempting to collect a debt from the decedent’s estate. Beverly concluded that she did not want to “put die cart before the horse” in pointing out there are issues over the transfer of Brenner’s property that can be resolved only by granting letters of administration and appointing an administrator who will have standing to carry out collection, conservation, and administration of the estate. After filing the petition for administration, Beverly also alleged for the first time &at Brenner had a last will and testament but provided no support for this declaration.
In denying Beverly’s petition, the district court first addressed her claim that Brenner had a last will and testament. The court adopted Danny’s rationale that no evidence of Brenner’s will had been presented. Danny directed the court to the fact that Beverly’s petition specifically alleged: “Brenner died intestate in Sherman County,” and without a will. Brenner died on January 26,2014, but Beverly did not file her petition until August 18, 2014. The court held: “The failure to file the will as mandated by statute within the six month time period precludes the court from now considering the will.”
The district court also denied the issuance of letters of administration because Brenner’s estate did not have substantial assets to administer. It did not decide the issue based on failure to timely file the claim. The court held:
“The more problematic issue is that of delivery of the deed as prescribed by Kansas and Texas law. Since the property and mineral interest rest in Texas it would appear Texas law would control. Thus, the affidavit of counsel in Texas persuades the court that the transfer was valid and effective.
“Since no evidence was presented that reflected that the estate of Earlene F. Brenner now has any substantial assets in it to administer. The request by Petitioner to this court to issue Letters of Administration is denied.”
Beverly appeals.
*74 Analysis

Should Beverly s petition for issuance of letters of administration be granted?

Beverly argues the issue in this case has nothing to do with filing a claim and is simply whether the district court erred in denying the petition for issuance of letters of administration. She argues all the other issues are secondary to simply opening an estate. On this point we agree with Beverly.
Danny asked the court to dismiss Beverly’s petition. Under K.S.A. 2014 Supp. 60-212(d), a motion to dismiss for failure to state a claim under K.S.A. 2014 Supp. 60-212(b)(6) is treated like a motion for summary judgment if matters outside the pleadings are presented to, and not excluded by, the court. In this case, the trial court considered the parties’ briefs, arguments, and documents. It is evident from the district courts memorandum decision and order dismissing the case that the court did consider matters outside of the pleadings in making its ruling, effectively converting Danny’s request for dismissal to one for summary judgment. We must determine if the district court’s decision can be affirmed under the standards governing summary judgments. See Davidson v. Denning, 259 Kan. 659, 667, 914 P.2d 936 (1996) (though the district court’s decision did not expressly state it considered defendants’ motion to dismiss as summary judgment motion, the Court of Appeals properly treated it as such because “the court clearly considered matters beyond the face of the petition in granting the motion”).
Accordingly, the well-known standard of review governing summary judgment applies. This standard provides that summary judgment is appropriate only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Waste Connections of Kansas, Inc. v. Ritchie Corp., 296 Kan. 943, 962, 298 P.3d 250 (2013). The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. *75 When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and, where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. Bracken v. Dixon Industries, Inc., 272 Kan. 1272, 1274-75, 38 P.3d 679 (2002).

Petition to Open an Estate

Kansas statutes are written to include a broad class of petitioners who may petition to open a decedent's estate. K.S.A. 59-2221 provides a general probate inclusion: “Any person interested in the estate, after tire death of the testator or intestate, may petition for tire probate of his or her will or for administration.”
“There is no provision of the probate code fixing a limitation on the time an heir may apply for administration of any estate in which he [or she] has an interest. The legislature has seen fit to make a provision fixing the time in which creditors must apply for administration (G.S. 1947 Supp. 59-2239) fixing the time for probate of a written will (59-617 and 618) and for the probate of an oral will (59-619) and had it intended any limitation on an heir seeking administration of an estate in which he [or she] had an interest it could have done so. It seems significant that it did not do so.” In re Estate of Wright, 170 Kan. 400, 406, 227 P.2d 331 (1951).
Danny argues K.S.A. 59-2239 controls and limits the time in which demands and claims may be filed against an estate, and the statute has long been considered a probate nonclaim statute. Harris, Survey of Kansas Law: Administration of Estates, 17 Kan. L. Rev. 325, 328 (1968). K.S.A. 59-2239 operates as a complete bar to all demands against a decedents estate that are not timely filed. 17 Kan. L. Rev. at 328. “A nonclaim statute is a self-contained statute which absolutely prohibits the initiation of litigation based on it after a prescribed period.” 51 Am. Tur. 2d, Limitation of Actions § 3, pp. 490-91.
Danny argues Beverly’s petition is a claim against the estate and should be barred by the nonclaims statute, K.S.A. 59-2239. Beverly again responds she is asking only to open the estate for administration. Danny presents Nelson v Nelson, 288 Kan. 570, 205 P.3d 715 (2009), to support his position. In Nelson, the court considered the *76 question of whether a claim must be made against a decedent’s estate when it is alleged the decedent breached a contract to place his entire estate in a testamentary trust for the benefit of his adult children. The Court of Appeals in Nelson v. Nelson, 38 Kan. App. 2d 64, 162 P.3d 43 (2007), held the decedent’s assets were not subject to a constructive trust because a claim had not been made against the decedent’s estate within the period of limitations imposed by the nonclaim statute, K.S.A. 59-2239. In affirming, tire Nelson court recognized the broad reach of the nonclaim statute:
“The nonclaim statute recognizes that a decedent no longer has the individual capacity to respond in damages to torts, to pay debts, to cany out contracts, or to administer his or her estate; therefore, the estate must meet the decedent’s financial obligations. In re Estate of Reynolds, 266 Kan. 449, 456-57, 970 P.2d 537 (1998). As a result, a person who seeks to recover from the decedent, whether based on tort, contract, the decedents will, or the statute of intestate succession, must recover, if at all, from the decedents estate. 266 Kan. at 456-57; Burns v. Drake, 157 Kan. 367, 369-72, 139 P.2d 386 (1943).
“K.S.A. 59-2239 imposes a special statute of limitations governing such claims against a decedent’s estate, and it operates as a complete bar to all demands against a decedent’s estate that are not timely filed. [Citation omitted.]” Nelson v. Nelson, 288 Kan. at 591.
The Nelson court found the heirs’ contract claim was barred by the nonclaim statute.
“This policy has been furthered by cases that have read the term ‘all demands’ to be broadly inclusive of any and all claims, making exception only where a statute expressly provides odierwise. Union Nat’l Bank & Trust Co., 233 Kan. 671, Syl. ¶ 2. One statutory exception is found in K.S.A. 59-2239(2); that exception extends die statute of limitations for tort claims. Because we have concluded that the Appellants failed to plead fraud and the Appellants do not suggest they have pled any other tort, the tort exception does not apply. There is no similar exception for contract claims; such claims must be brought within the nonclaim period of K.S.A. 59-2239(1).” Nelson, 288 Kan. at 592.
While we agree one of the primary purposes of K.S.A. 59-2239 is finality, we do not believe the statute applies to the facts of this case. Beverly’s petition is not a claim against the estate, it is a petition to administer whatever assets there may be in the estate and to see that they are assigned to the light heir according to law. The Kansas Supreme Court explained the distinction in Nelson when it compared and contrasted In re Estate of Wright, 170 Kan. at 400, *77 with In re Estate of Pallister, 13 Kan. App. 2d 337, 339, 770 P.2d 494 (1989). The court explained that a petition requesting administration of assets not administered is not a claim; however, a petition alleging assets were not in the estate because a transfer of title was void due to breach of contract, for example, is a claim and time barred by the nonclaim statute. Nelson, 288 Kan. at 596.
We also agree the time to file a will passed on July 27, 2014, no timely petition to admit a will was filed, and Beverly’s allegation of a will has no merit. K.S.A. 59-617 establishes tire general rule. The statute provides in its entirety: “No will of a testator who died while a resident of this state shall be effectual to pass property unless a petition is filed for the probate of such will within six months after the death of the testator, except as hereinafter provided.” Simply put, K.S.A. 59-617 functions as a statute of limitations prohibiting the admission of a will to probate more than 6 months after a testator s death. In re Estate of Reed, 157 Kan. 602, 607-08, 142 P.2d 824 (1943) (holding the then 1-year time limitation in G.S. 1941 Supp. 59-617 to be a statute of general limitation); In re Estate of Tracy, 36 Kan. App. 2d 401, 406, 140 P.3d 1045 (2006) (K.S.A. 59-617 is a statute of limitations); compare K.S.A. 59-618 (savings provision for innocent beneficiaries of wills improperly withheld). Thus, no will was timely offered by Beverly or anyone else, and Beverly’s petition for administration shall proceed as an intestate proceeding as it was originally filed.
Here, Beverly’s petition is seeking the right to administer the estate, not file a claim against the estate. The case of Wright, 170 Kan. 400, is squarely on point. In Wright, one of the heirs petitioned for administration of the estate to have real estate administered as part of the estate. One of the property owners objected claiming the petition to administer the estate was really an out-of-date petition for a claim against the estate that was barred by K.S.A. 59-2239. The Kansas Supreme Court denied the objection and found it was not a claim against the estate but was an action by the heirs-at-law seeking the administration of assets not yet administered. Wright, 170 Kan. at 406-07. The facts in Wright are the same as the facts of this case as Beverly is seeking authority to administer this estate and to find out if there are any assets that need to be administered *78 for the benefit of the estate and its heirs. Clearly, this is an action by Beverly asking for authority to marshal the assets of the estate, if any. An action to marshal assets does not invoke the nonclaim statute. See Estate of Draper v. Bank of America, 288 Kan. 510, 532, 205 P.3d 698 (2009) (in such cases the nonclaim statute does not apply); Nickel v. Vogel, 76 Kan. 625, 92 P. 1105 (1907) (holding that the jurisdiction of the probate courts of this state to appoint administrators does not depend upon the existence of either assets or creditors). Additionally, we note the Supreme Courts statement in In re Estate of West, where the court said:
“Although it has been stated in some of our decisions that an object of the probate code is to provide for a speedy determination of the assets and liabilities of an estate so that it may be settled and a distribution made to the beneficiaries, it is of primaiy importance that all of the assets be collected and reduced to possession for such distribution and a contention by a beneficiary that all assets have not been collected ought not to be held barred in the absence of a specific statutory provision to that effect.” 169 Kan. 447, 455, 219 P.2d 418 (1950).
Clearly, these prior decisions recognize the right of heirs-at-law to petition for tire administration of an estate to make sure all of the assets of the estate are marshaled and distributed in accordance with the laws of intestate distribution. See K.S.A. 59-506.
We need not address Danny’s claim that Beverly is attempting to attack the validity of the transfers made prior to Brenner’s death. If that issue arises, it will be an issue for the district court to resolve, not for us to resolve in anticipation of what an administrator might or might not do. We also pause to note that Beverly waited more than 6 months to file her petition for administration. As previously mentioned, we can find no statutory bar to this action. By waiting more than 6 months to file her petition, she eliminated the need to notify creditors or the opportunity for creditors to file a claim against the estate because the 6-month nonclaim statute had run as to all claims against the estate. See K.S.A. 59-2239. The petition for administration is timely filed.
We recognize Danny’s claims that there are no assets for an administrator to marshal as he claims they were all delivered to him through nonprobate transfers prior to Brenner’s death, except the personal property already divided by the three heirs at the storage *79 unit. That may be true, but without an administrator appointed and acting under the supervision and guidance of the district court, Danny’s claim cannot be verified. An administrator duly appointed would have authority to search for any assets owned by Brenner at the time of her death. If there are assets, then the estate can administer the assets in accordance with the law. If it is found there are no assets, then the estate can be. closed and no harm is done. Who pays for the cost of administration would be an issue for the district court to decide at the appropriate time.
Reversed and remanded with directions for the district court to allow the appointment of an administrator pursuant to K.S.A. 59-2232.
# ft ft