IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,288

In the Matter of the Estate of EARLENE F. BRENNER.

SYLLABUS BY THE COURT

Answering the question posed on petition for review would require this court to reach and decide a question that is moot under the facts of the case and because the parties no longer seek appellate review of the district court rulings in this matter, this court dismisses the petition for review as improvidently granted.

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed May 26, 2017. Petition for review dismissed as improvidently granted.

*Keen K. Brantley*, of Wallace, Brantley & Shirley Law Firm, of Scott City, was on the brief for appellant Beverly D. Goodman.

*Fred J. Logan, Jr.*, of Logan Logan & Watson, L.C., of Prairie Village, and *Joseph B. Bain*, of Cure & Bain, P.C., of Goodland, were on the briefs for appellee Danny R. Brenner.

*Per Curiam*:  This court accepted this case on the petition for review filed by Danny R. Brenner, the appellee and respondent below. Review was granted for the specific purpose of deciding whether, under facts specific to this case, the district court properly denied the petition filed by the appellant and petitioner below, Beverly D. Goodman, seeking letters of administration in the intestate estate of her mother, Earlene F. Brenner. A divided panel of the Court of Appeals reversed the district court in *In re Estate of Brenner,* 52 Kan. App. 2d 71, 362 P.3d 30 (2015).

1

After this court granted review, it came to light that Beverly had passed away in December 2016. This court issued an order directing the parties to prepare to discuss at oral argument the effect that Beverly's death might have on any further proceedings in the case. In response to that and a subsequent order of this court, the parties filed a statement explaining that they had reached an understanding that they had no interest in further prosecution of this case, either in district court or on appeal. They stipulated to vacating the opinion of the Court of Appeals and dismissing the appeal.

This court is not obliged to dismiss a civil appeal that is being reviewed simply because the appeal is moot. See Rule 8.03(i)(5) (2017 Kan. S. Ct. R. 53). Similarly, parties may not stipulate to vacating a decision of the Court of Appeals once it has been entered. We hold that because both parties have no interest in further prosecution of this matter and the issue to be addressed is specific to the peculiar circumstances of this case, it is unnecessary to reach a decision on the merits of the appeal.

We conclude the petition for review was improvidently granted. This decision is identical in effect to a denial of the petition for review in the first instance, and a "'denial of a petition for review imports no opinion on the merits of the case.'" *State v. Eisenhour*, 305 Kan. 409, 411, 384 P.3d 426 (2016) (quoting Supreme Court Rule 8.03[g] [2015 Kan. Ct. R. Annot. 81]).

Petition for review dismissed as improvidently granted.

BEIER, J., not participating.

2